UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SPITZER, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> TRISHA A. ALJOE, et al., <br><br>   Defendants. | Case No. 13-cv-05442-MEJ <br><br> **ORDER RE: MOTION TO DISMISS** <br><br> Re: Dkt. No. 32 |

## INTRODUCTION

Plaintiffs Thomas "Leroy" Spitzer and Craig J. Spitzer ("Plaintiffs") bring this action under 42 U.S.C. § 1983 and related state law claims, seeking damages stemming from the towing of Leroy's truck and an abatement order for Plaintiffs' property in Pleasanton, California. Pending before the Court is Defendant Benjamin McGrew's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 32. Plaintiffs have filed an Opposition (Dkt. No. 34), and McGrew has filed a Reply (Dkt. No. 43). The Court finds this motion suitable for disposition without oral argument and VACATES the July 3, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court **GRANTS** McGrew's Motion for the reasons set forth below.

## BACKGROUND

The following factual background is taken from Plaintiffs' Second Amended Complaint ("SAC"), filed April 20, 2014. Dkt. No. 27. Although Plaintiffs bring their case against the City of Pleasanton (the "City"), five individually-named defendants, and several doe defendants, this background focuses on Plaintiffs' allegations against McGrew, who was the court-appointed receiver of Plaintiffs' real and personal property at issue in this case. SAC ¶ 13.

Plaintiffs are co-owners of a single-family residence located at 4719 Orangewood Court in Pleasanton, California (the "Property"). *Id.* ¶ 5. On October 21, 2011, City agents executed an inspection warrant to enter the Property. *Id.* ¶ 22. The City subsequently issued a Notice and Order to Repair and Abate the Property on December 1, 2011. *Id.* ¶ 36. The Order provided that Plaintiffs must "Vacate Immediately" and "Repair or Demolish and Abate." *Id.* The Order included notice that "occupying or entering the building, or any portion thereof **will** result in the arrest of the occupants for a misdemeanor violation of the Pleasanton Municipal Code and the State Building Standards Code." *Id.* (emphasis in original). As a result of the Order, Plaintiffs allege that Leroy lost use of and access to his personal property, and they were denied the right to abate the violations themselves by the prohibition of their entry to the Property. *Id.* ¶ 38.

After the time specified for abatement and repair had expired, Plaintiffs allege that the City failed to call for a hearing required by the Pleasanton Municipal Code. *Id.* ¶ 39. Instead, Plaintiffs were sent a "Final Notice" and "Demand to Abate" on February 3, 2012, stating that legal action would be commenced upon failure to comply with the noticed demands by February 15, 2012. *Id.* ¶ 40. On August 3, 2012, the City filed an Ex-Parte Petition to Appoint a Receiver. *Id.* ¶ 41. The Alameda County Superior Court appointed McGrew as Receiver on September 18, 2012. *Id.* ¶ 113; Req. for Jud. Not., Ex. 1, Dkt. No. 32.[1] McGrew took possession of the Property on September 25, 2012. SAC ¶ 113. Plaintiffs allege that McGrew falsely stated he had filed his required receiver's bond with his receiver's oath in his Initial Report filed on Nov. 24, 2012, but his bond was not submitted to the court until Feb. 28, 2014. *Id.*

---

[1] McGrew requests that the Court take judicial notice of the electronic docket for the Superior Court of California, County of Alameda for Case No. RG12642206. Req. for Jud. Not., Ex. 1. Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As the accuracy of the Alameda County Superior Court docket cannot reasonably be questioned, the Court may take judicial notice of this information. *Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice). Accordingly, McGrew's request for judicial notice is GRANTED.

After taking possession, McGrew allowed Plaintiffs to work at the Property to remove Leroy's personal possessions and do remediation work. *Id.* ¶ 114. Plaintiffs worked through December 2012 to clean the Property, during which time Plaintiffs allege McGrew admitted personal problems that prevented him from obtaining financing to complete remediation work. *Id.* ¶¶ 115-17. However, after a break in Plaintiffs' work between December and February, Plaintiffs allege that the City threatened to have McGrew removed for allowing Plaintiffs to do the remediation work, at which point McGrew barred Plaintiffs and their friends from working and ceased all communication with them. *Id.* ¶¶ 118, 122. Plaintiffs allege that McGrew continued communication with the City, in violation of his duty of neutrality. *Id.*

During the months following his appointment, McGrew did not produce the monthly reports or inventory required by the Superior Court, and he did not pay property taxes on the Property. *Id.* ¶ 119.

On July 17, 2013, McGrew executed a clean-up contract with a business entity called Decon. *Id.* ¶ 120. Plaintiffs lost the cost of the Decon contract, through its charge by the receiver to the estate, and Leroy lost about an equal value of his personal property stored in his garage, which was given to charities, recycled for over $5,000 in cash, and converted by Decon personnel without credit to the estate. *Id.* ¶ 121. After McGrew filed untimely reports for May through July, Plaintiffs allege that it became evident that the City and its agents not only had knowledge of McGrew's execution of the Decon contract, but they also aided and abetted its unlawful execution by assisting and advising McGrew in its execution. *Id.* ¶ 123.

Based on these allegations, Plaintiffs contend that McGrew, in concert with the other named Defendants, jointly acted, participated in or directed, aided and abetted, and agreed and had a meeting of the minds to seize and finally deprive Leroy of his personal property by barring him from entering and working to abate the conditions at the Property, and by aiding and abetting execution of an unnecessary, and unreasonably costly clean-up contract by Decon without required prior approval of the court. *Id.* ¶ 124.

Plaintiffs bring the following causes of action under 42 U.S.C. § 1983 against McGrew: (1) Defendants' seizure of Leroy's personal property was unreasonable and in violation of the Fourth

1    Amendment of the United States Constitution (*id.* ¶ 125); (2) Defendants' seizure of Leroy's personal
2    property without notice or hearing violated Plaintiffs' procedural due process rights under the
3    Fourteenth Amendment (*id.* ¶ 127); (3) Defendants' unlawful execution of the Receiver's contract
4    violated Plaintiffs' First Amendment rights of free speech and access to the courts, because Plaintiffs
5    did not have the opportunity to object before it was executed (*id.* ¶ 129); and (4) Defendants acted in
6    furtherance of an overall conspiracy to unreasonably seize and deprive Plaintiffs of the Property and
7    personal property without due process of law (*id.* ¶ 130).

8        McGrew filed the present Motion to Dismiss on May 26, 2014, arguing that Plaintiffs' claims
9    against him should be dismissed for two independent reasons. Dkt. No. 32. First, McGrew argues
10   that Plaintiffs have failed to satisfy a necessary precondition to the initiation of suit against him;
11   namely, the securing of permission to do so from the Superior Court. Mot. at 3. Thus, under Federal
12   Rule of Civil Procedure ("Rule") 12(b)(1), the Court is without jurisdiction to hear Plaintiffs' claims.
13   *Id.* Second, under Rule 12(b)(6), Plaintiffs' allegations—even when evaluated on their own terms—
14   fail to state a claim upon which relief can be granted. *Id.* at 4. Because the Court finds Defendants'
15   Rule 12(b)(1) argument dispositive, it turns to it first.

## DISCUSSION

17       In his Motion, McGrew points out that Plaintiffs have not alleged that they obtained leave
18   of the Superior Court to file their claims against him, nor have they in fact done so. Mot. at 4.
19   McGrew contends that a prerequisite for claims against receivers is the securing of permission to
20   sue from the court appointing the receiver. *Id.* at 3. As Plaintiffs have not received permission,
21   McGrew argues that the Plaintiffs' Complaint must be dismissed under Rule 12(b)(1). *Id.*

22       In response, Plaintiffs argue that they are not required to obtain leave of the appointing
23   court because they bring their § 1983 claims against McGrew in his personal capacity. Opp'n at 3.
24   Plaintiffs further argue that leave is not required, as McGrew was not acting within his statutory
25   powers when he executed a clean-up contract without prior approval of the court. *Id.* at 6.

26   **A.   Legal Standard**
27       Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power
28   authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

A party moving to dismiss pursuant to Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party contends that, even accepting all of the allegations in the plaintiff's complaint as true, the plaintiff has failed to establish that the Court has jurisdiction over the claims. *Id.* In evaluating a facial attack on jurisdiction, the Court must accept the factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the Court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citation omitted).

**B.     Application to the Case at Bar**

Plaintiffs do not allege that they received leave from the superior court to sue McGrew in this forum. "The requirement that a party obtain leave from the appointing court before suing a receiver in another venue "'is long-standing.'" *Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216 (9th Cir. 2009) (quoting *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 945 (9th Cir. 2002). "The rule was first announced 128 years ago in *Barton v. Barbour*. The Supreme Court held that when a plaintiff sues a receiver outside of and without the permission of the appointing court, the non-appointing court is without jurisdiction to entertain the suit." *Id.* at 1216-17 (citing *Barton v. Barbour*, 104 U.S. 126, 131 (1881)). Thus, "a party must first obtain leave of the [appointing] court before it initiates an action in another forum" against a receiver.

1  *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005)
2  (citations omitted); *see also Davis v. Gray*, 83 U.S. 203, 218 (1872) (holding that the court
3  appointing a receiver "will not allow him to be sued touching the property in his charge, nor for
4  any malfeasance as to the parties, or others, without [the court's] consent").

5        This doctrine, known as the *Barton* Rule, ensures that the appointing court maintains
6  appropriate control over the administration that is the subject of the receivership. *In re DeLorean*,
7  991 F.2d 1236, 1240 (6th Cir. 1993). When presented with a party that has failed to secure the
8  appointing court's consent, the nonappointing court lacks subject matter jurisdiction and must
9  dismiss the action. *See In re Kashani*, 190 B.R. 875, 884 (B.A.P. 9th Cir. 1995) ("The
10 nonappointing court may not entertain suits against the [receiver] for acts done in the [receiver's]
11 official capacity without leave from the appointing court because the other court lacks subject
12 matter jurisdiction.").

13       Here, because Plaintiffs failed to obtain permission from the Alameda County Superior
14 Court to sue Mr. McGrew, it appears that their claims against him are barred. In their Opposition,
15 Plaintiffs maintain that they are not required to obtain permission because they are suing McGrew
16 in his personal capacity. Opp'n at 3. Their SAC, however, provides otherwise: "Defendant
17 McGrew is sued in both his personal and official capacities." SAC at 3. Regardless, Plaintiffs'
18 claims are rooted in McGrew's alleged failure to (a) produce monthly reports or inventories
19 relating to Plaintiffs' personal property, (b) adequately communicate with Plaintiffs regarding the
20 execution of a clean-up contract with Decon, and (c) pay taxes on Plaintiffs' property. SAC at
21 25:20-27:25.1. Taken as true, these failures took place in the context of McGrew's receivership
22 duties, and are therefore not personal in nature.

23       Plaintiffs also argue that permission is not necessary because McGrew acted outside the
24 scope of his powers when he executed the clean-up contract with Decon. Opp'n at 4.
25 Specifically, Plaintiffs allege that McGrew "executed a clean-up contract with a business entity
26 called Decon for the estimated and only partial amount of over $113,000 without prior approval of
27 the court, in violation of the court order appointing him, and in violation of California law." SAC
28 at 27. However, on February 26, 2014, the Alameda County Superior Court specifically approved

United States District Court
Northern District of California

McGrew's retention of and payment to Decon:

> The Receiver's retention of Decon Environmental Service ("Decon") to abate conditions at 4719 Orangewood Court, Pleasanton, California (the "Subject Property") is approved, and the Receiver is authorized to borrow funds and issue Receiver's Certificates to obtain funds to pay Decon the sum of $113,563.80, representing the amount associated with Decon's already-performed abatement work.

Suppl. Req. for Jud. Notice, Ex. A.[2] Thus, the Court finds that Plaintiffs' allegations fail to establish that any of McGrew's alleged acts or omissions came outside the scope of his statutory powers and the orders of the appointing court. Plaintiffs have failed to obtain the Superior Court's leave to sue McGrew, and their claims against him must therefore be dismissed.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** McGrew's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: June 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] The Court GRANTS McGrew's request to take judicial notice of the Alameda County Superior Court's order. *Reyna Pasta Bella, LLC*, 442 F.3d at 746 n. 6; *Headwaters*, 399 F.3d at 1051 n. 3.