UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS A. SPITZER, et al.,

        Plaintiffs,

       v.

TRISHA A. ALJOE, et al.,

        Defendants.

Case No.  13-cv-05442-MEJ

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Re: Dkt. No. 55

On June 30, 2014, the Court granted Defendant Benjamin McGrew's Motion to Dismiss. Order, Dkt. No. 44.  McGrew was the court-appointed receiver of Plaintiffs Thomas "Leroy" Spitzer and Craig J. Spitzer's real and personal property at issue in this case.  Sec. Am. Compl. ¶ 13.  The Court found that Plaintiffs failed to satisfy a necessary precondition to the initiation of suit against McGrew; namely, the securing of permission to do so from the Superior Court that appointed him.  Order at 6-7.  Now pending before the Court is Plaintiffs' Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).  Dkt. No. 55.  In their Motion, Plaintiffs argue that: (1) they were prejudiced by being denied a hearing on new arguments and evidence submitted by McGrew with his Reply brief; (2) the June 30 Order lacks citation to authority and legal reasoning for its finding; (3) the Court's findings are clearly erroneous; and (4) the Court should have granted them leave to amend.  Mot. at 2.  McGrew has filed an Opposition (Dkt. No. 56) and Plaintiffs have filed a Reply (Dkt. No. 58).

As a preliminary matter, the Court finds that Plaintiffs' Rule 59(e) Motion should be denied because they failed to comply with the Court's procedural requirements for filing a motion for reconsideration.  Pursuant to Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may

make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b).  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Here, Plaintiffs failed to comply with this rule in that they did not obtain leave of the Court prior to filing their Motion.  However, even if they had sought leave of the Court to file their motion, leave would have been denied for the reasons stated below.

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment.  "'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'"  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).  But, amendment or alteration of a judgment is "'an extraordinary remedy which should be used sparingly.'"  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  A court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Id.*  A Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

Here, Plaintiffs do not argue that amendment is justified by an intervening change in controlling law.  As to newly discovered evidence, Plaintiffs argue that they were prejudiced by being denied a hearing on new arguments and evidence submitted by McGrew with his Reply brief.  Mot. at 2-3.  In their Second Amended Complaint, Plaintiffs allege that McGrew "executed a clean-up contract with a business entity called Decon for the estimated and only partial amount of over $113,000 without prior approval of the court, in violation of the court order appointing him, and in violation of California law."  Sec. Am. Compl. at 27.  However, in its June 30 Order,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the Court noted that the Alameda County Superior Court specifically approved McGrew's

2   retention of and payment to Decon on February 26, 2014.  Order at 6-7.  Plaintiffs argue that

3   McGrew did not present the February 26 Superior Court Order until his Reply brief, thereby

4   denying them an opportunity to respond.  Mot. at 2.  However, the February 26 Order is not newly

5   discovered evidence and was available to both Plaintiffs and McGrew.

6          As to the issue of clear error, Plaintiffs argue that the Court's findings regarding the need

7   to seek leave of the superior court are erroneous because: (1) McGrew acted beyond the scope of

8   his authority; and (2) the *Barton* rule should not be applied to claims under 42 U.S.C. § 1983.

9   Mot. at 4-9.  However, Plaintiffs raised these same arguments in their Opposition brief, and the

10  Court considered them when ruling on McGrew's Motion to Dismiss.  Even if Plaintiffs disagree

11  with the Court's ruling, re-litigating the same issues is improper.  *See, e.g., Above the Belt, Inc. v.*

12  *Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the

13  motion to reconsider to ask the Court to rethink what the Court had already thought through—

14  rightly or wrongly.").  Plaintiffs also argue that the Court's Order lacks citation to authority and

15  legal reasoning for its finding that the February 26 Order approved McGrew's retention of Decon.

16  Mot. at 3-4.  However, the February 26 Order explicitly states: "The Receiver's retention of Decon

17  Environmental Service ("Decon") to abate conditions at 4719 Orangewood Court, Pleasanton,

18  California (the "Subject Property") is approved."  Suppl. Req. for Jud. Notice, Ex. A, Dkt. No. 43-

19  1.

20         Finally, as to Plaintiffs' argument that the Court should have granted leave to amend, there

21  is nothing contained in Plaintiffs' Second Amended Complaint and current motion that could not

22  have been alleged previously.  Plaintiffs have already had the opportunity to file three complaints

23  in this matter.  In fact, Plaintiffs' request for leave to amend is belied by their own belief that the

24  facts are sufficiently settled for the Court to grant partial summary judgment in their favor.  Mot.

25  at 9.  In general, "courts avoid considering Rule 59(e) motions where the grounds for amendment

26  are restricted to either repetitive contentions of matters which were before the court on its prior

27  consideration or contentions which might have been raised prior to the challenged judgment."

28  *Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  The relatively restrictive

standard applied to Rule 59(e) motions "reflects district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

Based on this analysis, the Court finds these concerns warrant a denial of Plaintiffs' Rule 59(e) Motion.

**IT IS SO ORDERED.**

Dated: August 13, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

4