UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SPITZER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRISHA A. ALJOE, et al.,<br><br>    Defendants. | Case No. 13-cv-05442-MEJ<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 139 |

## INTRODUCTION

Plaintiffs Thomas "Leroy" Spitzer and Craig J. Spitzer ("Plaintiffs") filed this 42 U.S.C. § 1983 action against a number of Defendants,[1] including J. Benjamin McGrew.  The Court previously dismissed McGrew and later denied Plaintiffs' Motion for Leave to File a Third Amended Complaint ("TAC") to re-assert claims against him.  Dkt. No. 96 (TAC Order), *see also Spitzer v. Aljoe*, 2015 WL 1843787, at *16-20 (N.D. Cal. Apr. 6, 2015); Dkt. No. 44 (Order re: Mot. to Dismiss), *see also Spitzer v. Aljoe*, 2014 WL 2946259 (N.D. Cal. June 30, 3014).  Now pending before the Court is Plaintiffs' Motion for Leave to File a Motion for Reconsideration ("Motion") with respect to the Court's Order denying their Motion for Leave to File their TAC as to claims against McGrew.  Dkt. No. 139.  Alternatively, Plaintiffs seek Leave to File a Motion for Leave to Amend their Complaint to re-assert claims against McGrew.  *Id.*  Pursuant to Local Rule 7-9(d), this Motion is decided without hearing and without a response by any party.  Having considered Plaintiffs' Motion and the record in this case, the Court **DENIES** Plaintiffs' Motion for Leave to File a Motion for Reconsideration, but **GRANTS** Plaintiffs' Motion for Leave to File a Motion for Leave to Amend for the reasons set forth below.

---

[1] The other Defendants in this action are the City of Pleasanton, Trisha A. Aljoe, Jonathan P. Lowell, George Thomas, Walter Wickboldt, Sergeant Robert Leong, and Officer Ryan Tujague ("City Defendants").

**BACKGROUND**

A full factual background regarding McGrew can be found in the Court's April 6, 2015 Order. TAC Order. In brief, McGrew was appointed by the California Superior Court as the receiver of certain real and personal property owned by Plaintiffs. Second Am. Compl. ¶¶ 13, 113, Dkt. No. 27. Among other things, Plaintiffs alleged McGrew (1) unreasonably seized and deprived Leroy of his real and personal property in violation of the Fourth Amendment; (2) denied Plaintiffs their procedural due process rights under the Fourteenth Amendment; (3) violated Plaintiffs' First Amendment rights of free speech and access to the courts by denying Plaintiffs the opportunity to object before unlawfully executing a Receivers' contract; and (4) acted in furtherance of a conspiracy to unreasonably seize and deprive Plaintiffs of real and personal property without due process of law. *Id.* ¶¶ 131, 133, 135, 138-39.

McGrew filed a Motion to Dismiss (Dkt. No. 32) in May 2014, which the Court granted on June 30, 2014 (Dkt. No. 44). The Court found it lacked subject matter jurisdiction over McGrew because Plaintiffs failed to secure leave of the appointing court to sue McGrew as required by *Barton v. Barbour*, 104 U.S. 126 (1881), and because Plaintiffs' allegations failed to establish McGrew's alleged acts or omissions fell outside the scope of his statutory powers or the orders of the appointing court. Dkt. No. 44 at 6-7. Subsequently, on July 23, 2014, Plaintiffs brought a motion to alter or amend the Court's order dismissing McGrew. Dkt. No. 55. The Court denied that motion, finding Plaintiffs failed to comply with Civil Local Rule 7-9(b) and failed to present newly discovered evidence or evidence of clear legal error. Dkt. No. 59.

Plaintiffs then filed a Motion for Leave to File their TAC on April 3, 2015, in which they again attempted to re-assert claims against McGrew. Dkt. No. 72. The Court denied the motion with respect to Plaintiffs' proposed claims against McGrew. Dkt. No. 96. The Court held that, as Plaintiffs had not obtained leave of the appointing court to sue, it still lacked jurisdiction over McGrew. *Id.* at 32-33. The Court also noted that Plaintiffs' allegations in the proposed Third Amended Complaint ("Proposed TAC") still failed to show that McGrew's actions exceeded the scope of his court-appointed duties. *Id.* at 29-31.

Once again, Plaintiffs now seek to re-assert their claims against McGrew. Mot. at 2. In

doing so, Plaintiffs submitted their Proposed Motion for Reconsideration or, alternatively, Motion for Leave to File a Motion to Amend ("Proposed Motion"). *See* Prop. Mot., Dkt. No. 139-1. Plaintiffs argue, among other things, that *Barton* should not apply to this case and that McGrew exceeded the scope of his authority as a court-appointed receiver. McGrew did not respond to Plaintiffs' Motion.[2] The Court received no other opposition briefing.

## LEGAL STANDARD

Motions for reconsideration are governed by Civil Local Rule 7-9, which states,

> (a) Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

A motion for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
> (2) The emergence of new material facts or change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

## DISCUSSION

Plaintiffs' Motion is based on four grounds. First, Plaintiffs assert the Court's earlier orders erred in applying the *Barton* doctrine. Mot. at 2 (discussing TAC Order at 28-33). Second, Plaintiffs contend they can allege new facts and circumstances to support their claims. *Id.* Third, Plaintiffs assert that reconsideration is in the "interests of justice" because (1) "it may preserve Plaintiffs' very limited resources by avoiding the necessity of their appealing on these issues," (2) the facts of "Leroy's age and serious health condition[,]" and (3) "the facts of McGrew's clearly

---

[2] The Court confirmed that his counsel continues to receive electronic communications concerning this case. *See* Dkt. No. 66.

3

evident repeated misconduct in multiple cases that has affected, and will continue to affect other victims . . . if [he] is not deterred by this case." *Id.*  Finally, Plaintiffs filed their TAC and earlier motions prior to obtaining new counsel, and Plaintiffs' new counsel believes he should have the opportunity to address McGrew's alleged violations.  *Id.*; *see also* Dkt. No. 98 (TAC); Dkt. Nos. 112, 113 (Orders Granting Motions to Substitute Attorney).

      First, Plaintiffs contend the Court erred in applying the *Barton* doctrine because of the nature of the claims they assert.  Prop. Mot. at 4-6, 10-11.  Under the *Barton* doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."  *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005).  An exception to *Barton* arises, however, "if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting *ultra vires*."  *Barton*, 104 U.S. at 134 (emphasis added); *see also Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967) ("[A] trustee wrongfully possessing property which is not an asset of the estate may be sued for damages arising out of his illegal occupation in a state court without leave of his appointing court.").  The Court, following *Barton* in both its June 30, 2014 Order dismissing McGrew and the TAC Order, found Plaintiffs had not provided allegations showing McGrew acted outside the scope of his court-appointed duties, and as such, found it did not have jurisdiction to hear Plaintiffs' claims against McGrew until they sought leave of the appointing California Superior Court to sue him.  Dkt. No. 44 at 6; Dkt. No. 96 at 33.  Plaintiffs have since sought and were denied leave to sue.  *See* Prop. Mot. at 4.  Under *Barton*, the Court would now be without jurisdiction over McGrew.  *See Crown Vantage*, 421 F.3d at 971 ("[I]f leave of court [is] not obtained, then the other forum lack[s] subject matter jurisdiction over the suit." (citing *Barton*, 104 U.S. at 127)).

      Plaintiffs argue *Barton* does not apply to this case because they seek to bring claims against McGrew under 42 U.S.C. § 1983, and *Barton*—a bankruptcy case—is not analogous and therefore not applicable to § 1983 claims.  Prop. Mot. at 4-5, 10.  They point to the fact that the federal Bankruptcy Code grants bankruptcy trustees with broad powers and duties, whereas the

4

power of a state court receiver is limited under state law and is thus more restrictive than that of a bankruptcy trustee. *Id.* at 9 (citing *In re Castillo*, 297 F.3d 940, 949-51 (9th Cir. 2002); 11 Cal. Real Est. § 33:9 (3d ed.)). As such, Plaintiffs argue the application of the *Barton* doctrine cannot be extended to state court receivers such as McGrew, who was appointed receiver pursuant to California Health and Safety Code section 17980.7(c) and not in relation to a bankruptcy proceeding. *Id.* at 13; *see* Appointing Order, Dkt. No. 43-2.[3] They further point to several cases that Plaintiffs say did not apply the Barton doctrine in considering claims against court-appointed receivers. Prop. Mot. at 9 (citing *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989), *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995), *City Partners, Ltd. v. Jamaica Sav. Bank*, 454 F. Supp. 1269 (E.D.N.Y. 1978), *Alexander v. Hedback*, 2012 WL 2004103 (D. Minn. June 5, 2012), *Downeast Ventures, Ltd. v. Washington Cty.*, 2005 WL 3409483 (D. Me. Dec. 12, 2002), aff'd, 2006 WL 377976 (D. Me. Feb. 16, 2006); *Brown v. Costello*, 905 F. Supp. 65 (N.D.N.Y. 1995)).

Having carefully reviewed Plaintiffs' arguments and related authorities, the Court will not reconsider its Order on Plaintiff's Motion for Leave to File a TAC for three reasons. First, and most importantly, the Court is not convinced it improperly applied the *Barton* doctrine to the claims against McGrew. Despite Plaintiffs' contention that *Barton* should only apply in the bankruptcy setting, they neglect to note the Ninth Circuit has recently applied *Barton* in a non-bankruptcy case. *See Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1217 (9th Cir. 2009). While the Court of Appeals acknowledged that "'the policies underlying the *Barton* doctrine apply with greater force to bankruptcy proceedings than to other proceedings involving receivers[,]'" it nonetheless applied *Barton* in that case, which involved claims against a court-appointed receiver charged with overseeing the delivery of medical care to incarcerated prisoners. *Id.* (quoting *Crown Vantage*, 421 F.3d at 971). While Plaintiffs may be correct that some courts do not appear to have applied *Barton* to claims against non-bankruptcy receivers,[4] the Court's

---

[3] The Court previously took judicial notice of this document. *See* Dkt. No. 44 at 2 n.1.
[4] Indeed, it is entirely possible the courts in these cases considered *Barton* in earlier orders, as opposed to the decisions cited by Plaintiffs.

United States District Court
Northern District of California

application of *Barton* in this case adheres to Ninth Circuit precedent. *See id.* Other courts have likewise applied *Barton* to non-bankruptcy cases. *See Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 147-49 (10th Cir. 2009) (applying *Barton* for claims asserted against a family court-appointed receiver appointed during divorce proceedings); *Patco Energy Express, LLC v. Lambros*, 353 F. App'x 379, 381-82 (11th Cir. 2009) (applying *Barton* doctrine to state court-appointed receiver appointed during Racketeer Influenced and Corrupt Organizations action); *Van Horn v. Hornbeak*, 2009 WL 211365, at *3-6 (E.D. Cal. Jan. 28, 2009) (finding suit against receivers of state prison fell within *Barton* rule where plaintiff alleged wrongful conduct within scope of receivership). As such, the Court will not reconsider its prior decisions on the basis of a misapplication of *Barton*.

Second, even if Plaintiffs were correct that *Barton* should not apply, they have not shown that its application fundamentally changes the analysis such that Plaintiffs should be permitted to file their Proposed Third Amended Complaint. As noted above, in determining whether Plaintiff's claims against McGrew fell into an exception to the *Barton* doctrine, the Court specifically considered whether Plaintiffs had alleged plausible facts showing that McGrew acted outside the scope of his court-appointed duties. TAC Order at 29-33. The Court concluded that the allegations in the Proposed TAC did not support the inference that McGrew's actions exceeded those duties. *Id.* at 32.

This is significant because the cases Plaintiffs cite in support of their argument that the *Barton* doctrine does not apply instead rely on the doctrine of judicial immunity.[5] For instance in one of the cases cited by Plaintiffs, the Ninth Circuit held that "a receiver appointed by a state court to manage the business assets of a marital estate during a dissolution proceeding" was entitled to "absolute derivative immunity." *New Alaska*, 869 F.2d at 1303 (noting that "cases from other circuits have held uniformly that state court-appointed receivers are entitled to absolute immunity" based on "the premise that 'receivers are court officers who share the immunity

---

[5] This doctrine is also referred to as quasi-judicial immunity. *See Castillo*, 297 F.3d at 948, as amended (Sept. 6, 2002) ("The Supreme Court has recognized that individuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity.").

awarded to judges.'" (quoting *Kermit Constr. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 2 (1st Cir. 1976))); *see also Davis*, 70 F.3d at 373 ("Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver."); *Prop. Mgmt. & Invest., Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985) ("[C]ourt-appointed receivers . . . enjoy judicial immunity for acts within the scope of their authority, and [] their authority extends to carrying out faithfully and carefully the orders of the appointing judge."). As a court-appointed receiver, it would appear from the cases cited by Plaintiffs that McGrew is entitled to the same protections as other court officers.

That said, although judicial immunity is broad, it—like the *Barton* doctrine—is limited to acts taken in the scope of the receiver's duties. *See New Alaska*, 869 F.2d at 1304. The *New Alaska* court held a receiver is not entitled to judicial immunity if the receiver's alleged acts are not "intimately connected with his receivership duties." *Id.* A plaintiff who seeks to overcome the presumption of judicial immunity is therefore "required to allege" plausible facts demonstrating "the absence of judicial immunity," or the court must dismiss the case. *Id.* at 1303; *see also Prop. Mgmt. & Inv., Inc.*, 752 F.2d at 604 (affirming trial court's dismissal of complaint where "nothing in the complaint indicated that [the receiver] had acted outside his authority and thus was not immune from suit."). Thus, whether the Court considers the issue under the exception to the *Barton* doctrine or the doctrine of judicial immunity, Plaintiffs must allege plausible facts supporting the same finding: namely, that McGrew acted in excess of his authority as receiver.

Third, to the extent Plaintiffs' contend their Proposed TAC pleads facts showing McGrew acted beyond the scope of his authority, the Court disagrees. Rather than providing facts that allow the Court to reasonably infer McGrew exceeded his authority, Plaintiffs instead make bare and conclusory assertions that do not give facial plausibility to their claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [ ] The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

For instance, in their Proposed Motion for Reconsideration, Plaintiffs state that "McGrew acted outside the scope of his authority under California law by signing and recording a Deed of Trust as grantor of title to Plaintiffs' house and property to a trustee" and did so "without seeking advice or prior approval of the [appointing] court." Prop. Mot. at 13. Plaintiffs make a similar allegation in their Proposed Third Amended Complaint. *See* Prop. TAC ¶ 129(d), Dkt. No. 72-1. Under either the *Barton* exception or the doctrine of judicial immunity, Plaintiffs must demonstrate that McGrew's act of signing and recording the Deed of Trust fell outside the scope of his authority. As alleged, Plaintiffs have not shown this to be the case. The Superior Court's Appointing Order permits the receiver to sell Plaintiffs' property at 4719 Orangewood Court, Pleasanton, California ("the Property") in order to satisfy various expenses. Appointing Order ¶ 8. The California Code of Civil Procedure also permits receivers to "sell real or personal property in the receiver's possession upon the notice and in the manner prescribed by" Section 701.510 *et seq*. Cal. Civ. Proc. Code § 568.5. Plaintiffs essentially ask the Court to trust that McGrew, as an arm of the Superior Court, acted outside of his court-appointed duties, without indicating how Plaintiffs know this to be true. While Plaintiffs contend McGrew never obtained the Superior Court's permission, they assert no facts supporting this statement, for instance by alleging that the Superior Court docket reveals no such order, that Plaintiffs never received notice of the sale, etc. Plaintiffs' Proposed TAC does not plead the factual content needed to allow the Court to draw the reasonable inference that McGrew, a court-appointed receiver with defined duties—including selling the property if necessary— acted outside the scope of those duties. *See Iqbal*, 556 U.S. at 678.

Plaintiffs also allege McGrew exceeded the scope of his authority by seizing and depriving Plaintiffs of "valuable personal property" without obtaining the Superior Court's approval. Prop. Mot. at 12; Prop. TAC ¶ 129(b). Plaintiffs assert the Appointing Order did not grant McGrew the power to manage or possess Leroy's personal property. Prop. Mot. at 12; Prop. TAC ¶ 129(b). But as with the signing of the deed, Plaintiffs' allegations do not show how McGrew's actions were in excess of his receivership duties. The Appointing Order authorizes the receiver to remove

8

"interior and exterior debris, trash, rubbish and other materials currently blocking . . . inspections[.]" Appointing Order ¶ 3(c). Plaintiffs' Proposed TAC does not describe what constituted Leroy's "personal property." *See* Prop. TAC ¶ 129(b). Without such specifics, Plaintiffs' assertion that the property was "valuable" is a conclusory statement that does not rise above mere speculation to create a reasonable inference that McGrew acted outside the scope of his authority. *See Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

In light of the foregoing considerations, Plaintiffs have not presented the Court with sufficient grounds to reconsider its previous Order denying Plaintiffs' Motion for Leave to File the Third Amended Complaint.

However, Plaintiffs have also requested leave to file a Motion for Leave to File Motion to Amend, asserting claims against McGrew, and the Court is willing to entertain such a motion as Plaintiffs' recent briefing alludes to the existence of facts that could support their claims. Plaintiffs' Proposed Motion states that Leroy's personal property included a racing boat, two spare racing engines, tools and parts necessary for a motor rebuild, valve grinders, and pistons. Prop. Mot. at 12 n.9. Plaintiffs' Supplemental Brief regarding the City Defendants' Application for Good Faith Settlement also refers to Leroy's "on-going projects around the house, including a powerboat rebuild, cabinetry. . . [and] rare tooling" which were also "taken to the County landfill." Dkt. No. 141-1 at 2. With these descriptions, Plaintiffs may be able to present plausible facts to support their allegation that Leroy's property had value and did not fall within the category of debris, trash, or rubbish. *See* Appointing Order ¶ 3(c). As such, Plaintiffs appear to possess facts that could support their allegation that McGrew's removal of these items was not within the scope of the Appointing Order.

Plaintiffs argue that whether a receiver has acted beyond the scope of his authority is a question that must be resolved on the merits. Prop. Mot. at 11. To the extent Plaintiffs are correct, their Proposed TAC does not provide enough facts to make such a determination. Plaintiffs have nevertheless repeatedly insisted that McGrew's actions exceeded the scope of his

authority, and they now appear to be able to assert plausible facts to support their allegations. The Court did not, however, receive a proposed fourth amended complaint included in the Plaintiffs' Proposed Motion. Nonetheless, because Plaintiffs' recent briefing suggests it is possible they may be able to allege facts establishing a viable claim against McGrew, the Court will grant Plaintiffs' Motion for Leave to File a Motion to Amend, which should include a copy of their proposed fourth amended complaint. McGrew will then have an opportunity to respond in compliance with Civil Local Rule 7.

## CONCLUSION

In light of the foregoing, the Court hereby **DENIES** Plaintiffs' Motion for Leave to File Motion for Reconsideration, but **GRANTS** Plaintiffs' Leave to File a Motion for Leave to Amend. Plaintiffs must file their Motion for Leave to Amend and a proposed fourth amended complaint by October 15, 2015.

**IT IS SO ORDERED.**

Dated: October 1, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge