UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SPITZER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRISHA A. ALJOE, et al.,<br><br>    Defendants. | Case No. 13-cv-05442-MEJ<br><br>**ORDER GRANTING APPLICATION FOR GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 135 |

## INTRODUCTION

Plaintiffs Thomas "Leroy" Spitzer and Craig Spitzer ("Plaintiffs") bring this civil rights action against Defendants City of Pleasanton, Trisha Aljoe, Jonathan Lowell, George Thomas, Walter Wickboldt, Officer Ryan Tujague, and Sergeant Robert Leong ("City Defendants"). Pending before the Court is the City Defendants' Application for Determination of Good Faith Settlement with Plaintiffs ("Application") pursuant to California Code of Civil Procedure sections 877 and 877.6. Appl., Dkt. No. 135. Plaintiffs also filed a Statement regarding the Application (Dkt. No. 140) and a Supplemental Brief (Dkt. No. 141-1), to which the City Defendants filed a Response (Dkt. No. 144). The Court held a hearing on the matter on October 8, 2015. Dkt. No. 148. Having considered the proposed settlement, the parties' positions, and the relevant legal authority, the Court **GRANTS** the Application as set forth below.

## BACKGROUND

Plaintiffs bring this action for violations of their constitutional rights related to both the abatement of Plaintiff Leroy's vehicle and their single-family residence located at 4719 Orangewood Court in Pleasanton, California (the "Property"), as well as for related searches and seizures by the City Defendants. Third Am. Compl. ("TAC") ¶ 5, Dkt. No. 98. Among other things, Plaintiffs allege they lost the use of their house and possession of personal property due to

the Property's abatement as well as subsequent threats of arrest upon entry of the Property by certain of the City Defendants. *Id.* ¶¶ 37, 48-61, 70-77. Plaintiffs further allege Defendant Wickboldt repeatedly entered the Property's backyard without a warrant or Plaintiffs' permission. *Id.* ¶ 80. And on one occasion Defendant Tujague entered the backyard without a warrant or Plaintiffs' permission, during which time he arrested Plaintiffs for the manufacture of a controlled substance. *Id.* ¶ 101. Plaintiffs contend they were handcuffed in the back of a police car for approximately four hours and Defendant Tujague did not inform them of the reason for their arrest. *Id.* ¶¶ 102, 104. The charges were dropped and Plaintiffs were released from custody that same day. *Id.* ¶105.

As part of the abatement of the Property, the City began a state-court abatement action during which the Alameda County Superior Court appointed J. Benjamin McGrew as receiver of the Property. *Id.* ¶ 117; Appl. at 3. McGrew initially allowed Plaintiffs to enter the Property, remove their personal property, and make necessary repairs, but he later barred them from entering and instead contracted with a company to remove their remaining personal property. TAC ¶¶ 119, 123-24. McGrew also recorded a deed of trust granting title to the Property to lenders as security for a loan. *Id.* ¶¶ 131(d), 138-39. Plaintiffs allege McGrew took these actions without the Superior Court's approval. *Id.* ¶ 131.

Plaintiffs bring claims against under 42 U.S.C. §§ 1983 and 1985.[1] Originally, they named only the City of Pleasanton, Aljoe, Lowell, Thomas, and Wickboldt as defendants. Dkt. No. 1. They later added McGrew as a Defendant in their First Amended Complaint (Dkt. No. 9), and subsequently filed a Second Amended Complaint on April 20, 2014 (Dkt. No. 27). The Court dismissed McGrew for lack of subject matter jurisdiction on June 30, 2014. Dkt. No. 44 at 6-7.

---

[1] Plaintiffs allege (1) violations of the Fourth and Fourteenth Amendments for the unreasonable searches and seizures of the Property and Plaintiffs' real and personal property; (2) violations of the Fourth Amendment for the unreasonable seizure of Plaintiffs' persons; (3) First Amendment retaliation and denial of meaningful access to the courts; and (4) conspiracy to unreasonably deprive Plaintiffs of house and personal property without due process. *See* TAC. Plaintiffs also allege the City Defendants committed the foregoing acts as part of a conspiracy to deprive Plaintiffs of their house and personal property without due process of law. *See id.* At the hearing on the good faith settlement matter, Plaintiffs' counsel explained they brought the conspiracy claims pursuant to 42 U.S.C. § 1985.

1    Plaintiffs later filed a Motion for Leave to File a Proposed Third Amended Complaint, in which

2    they sought to (1) name as defendants Police Officer Ryan Tujague and Sergeant Robert Leong of

3    the City of Pleasanton, and (2) re-assert claims against McGrew. Dkt. No. 72. The Court allowed

4    Plaintiffs to amend and name Officer Tujague and Sergeant Leong, but denied leave to add claims

5    against McGrew. Dkt. No. 96. Plaintiffs filed the operative TAC on April 13, 2015. Dkt. No. 98.

6          The City Defendants engaged in private mediation with Simon Frankel and settled the case

7    on August 7, 2015. Appl. at 5; Stipulation for Application for Good Faith Settlement ("Stip."),

8    Dkt. No. 136; Certification of Mediation, Dkt. No. 149. Under the terms of the settlement, the

9    City Defendants agree to (1) pay Plaintiffs $50,000; (2) sign a stipulation for McGrew's removal

10   as receiver in the state-court abatement action, request the appointment of a qualified receiver, and

11   consider Plaintiffs' proposed receiver; (3) submit an attorneys' fee recovery request in the state

12   court abatement action for hours worked at no greater than $150 per hour; (4) look for any non-

13   privileged communications regarding McGrew and to either provide Plaintiffs' counsel with

14   additional documents or inform him that no such documents exist; and (5) prepare and submit a

15   Release for Plaintiffs' notarized signature and to issue the settlement check within 14 days of

16   receipt of the notarized release. Stip., Ex. A (Settlement Terms ("Settl.")).

17         On September 1, 2015, the City Defendants filed the present Application seeking the

18   Court's determination of a good faith settlement. Plaintiffs have stipulated that the settlement is a

19   good faith settlement for purposes of California Code of Civil Procedure sections 877 and 877.6.

20   Stip. ¶ 1. The settlement agreement is not contingent on the Court's approval or determination of

21   a good faith settlement. *See* Settl. The City Defendants nevertheless request the Court make such

22   a determination and "bar any existing and future claims against them." Appl. at 14; *see also* Resp.

23   at 2.

24         Not long after the City Defendants filed their Application, the Court received Plaintiffs'

25   Motion for Leave to File a Motion for Reconsideration regarding the Court's dismissal of

26   McGrew. Dkt. No. 139. Alternatively, Plaintiffs sought leave to file a motion to file a fourth

27   amended complaint. *Id.* The Court denied Plaintiffs leave to file a motion for reconsideration but

28   granted leave to file a motion to file a fourth amended complaint. Dkt. No. 145 at 9-10. Given the

possibility that McGrew could re-enter these proceedings, the Court ordered McGrew's counsel to attend the October 8, 2015 hearing on the Application and ordered the parties to prepare to discuss how McGrew's re-entry would impact the good faith settlement determination. Dkt. No. 146. Neither McGrew nor his counsel attended the October 8 hearing. Nor has McGrew filed any objections to the City Defendants' Application, though the Court gave him the opportunity to do so. Dkt. No. 147. The Court preliminarily approved the Application at the hearing.

On October 29, 2015, the Court ordered counsel for McGrew to file a declaration indicating whether he notified McGrew of (1) the Court's Order Granting Plaintiffs' Motion for Leave to File a Third Amended Complaint, and (2) the Court's Good Faith Settlement Orders[2] and the opportunity to file any objections to the City Defendants' Application. Dkt. No. 150. Daniel J. Baxter, McGrew's counsel, filed a declaration stating he provided McGrew with copies of the aforementioned Orders and notified McGrew via email of the Court's preliminary order on the City Defendants' Application and of the opportunity to object. Baxter Decl. ¶ 3, Dkt. No. 151. As of the date of this Order, the Court has still not received any response from McGrew.

## LEGAL STANDARD

California Code of Civil Procedure section 877.6 permits a court to approve a settlement if it determines the settlement was made in good faith. Cal. Civ. Proc. Code § 877.6; *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) ("section 877.6 procedures do not govern a federal action . . . [but] the substantive provisions . . . are applicable"). A finding of good faith settlement between a plaintiff and "one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," releases the settling defendant "from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(b). In other words, a court's determination of a good faith settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative

---

[2] The Court issued two orders regarding the Application: (1) an Order in Preparation for the Good Faith Settlement Hearing on October 1, 2015 and (2) a Preliminary Order regarding the Application for Good Faith Settlement Determination on October 8, 2015. Dkt. Nos. 146-47.

indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). While the settlement does not discharge any other party from liability, unless its terms so provide, "it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." *Id.* § 877(a).

Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at fault and the encouragement of settlements." *Abbott Ford, Inc. v. Superior Ct.*, 43 Cal. 3d 858, 872 (1987). A good faith settlement is one within "the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985). When determining whether a settlement was made in good faith under section 877.6(a)(1), the intent and policies underlying section 877.6 generally require courts to take into account a number of factors: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportional liability in view of the settlement amount; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud or tortious conduct intended to injure the interests of the non-settling parties. *Id.*

## DISCUSSION

In general, a motion for a good faith settlement determination involves a situation where there are at least two or more defendants and one of those defendants settles with the plaintiff and seeks the court's approval that the settlement was made in good faith. Nonsettling defendants then, on occasion, challenge those settlements, and the Court makes a determination with the benefit of an adversarial setting. This case differs from the typical situation as all the currently named Defendants have settled with Plaintiffs, meaning there are no nonsettling defendants. Neither the City Defendants nor Plaintiffs addressed the propriety of ruling on a good faith settlement application in such circumstances.

Very few cases have considered such a situation. The Court has identified only one such

case that appears to address a similar circumstance: *Wilshire Insurance Company v. Tuff Boy Holding, Inc.*, 86 Cal. App. 4th 627 (2001). *Wilshire* involved two lawsuits that were subsequently consolidated: the plaintiffs sued a manufacturer, and an insurer sued the manufacturer for indemnity of the funds the insurer previously paid the plaintiffs. *Id.* at 631. The plaintiffs and manufacturer settled, and the plaintiffs filed a motion for a determination of good faith settlement. *Id.* The trial court granted the motion despite the insurer's opposition argument that "section 877.6 did not apply where there were no nonsettling defendants[.]" *Id.* at 631-34. The Court of Appeal affirmed the trial court's application of section 877.6, finding section 877.6 "does not require that there be defendants who have not settled with the plaintiff at the time of a good faith determination." *Id.* at 641.

Although, as noted, the circumstances of this case present an unusual context, *Wilshire* supports the application of section 877.6 to the City Defendants' Application despite the lack of nonsettling defendants. *See* 1 Cal. Judges Benchbook Civ. Proc. Before Trial Chapter 5, § 5.36 (relying on *Wilshire* for the proposition that "[a] settling party may obtain a determination under CCP § 877.6 that the settlement was in good faith even when there are no nonsettling defendants"). Accordingly, the Court considers whether the City Defendants' settlement was made in good faith.

Typically in determining whether a settlement was made in good faith, the Court would consider and weigh the *Tech-Bilt* factors listed above. However, where there is no opposition to a good faith settlement application, courts have found consideration of those factors unnecessary. Specifically, the California Court of Appeal has held that "only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors." *City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987). Thus, where there is no opposition to a good faith settlement application, "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient[,]" without consideration of the *Tech-Bilt* factors. *Id.*; *see, e.g.*, *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, 2014 WL 807415, at *2 (N.D. Cal. Feb. 27, 2014) ("Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt*

6

factors."); *Schaeffer v. Gregory Vill. Partners, L.P.*, 2015 WL 5316357, at *2 (N.D. Cal. Sept. 11, 2015) (same); *Gallagher v. Sherman & Feller*, 2011 WL 6330478, at *5 (N.D. Cal. Dec. 19, 2011) (same).

As in the foregoing cases, the Court has received no opposition to the City Defendants' Application for a Good Faith Settlement Determination and thus consideration of the *Tech-Bilt* factors may be unnecessary. Nonetheless, in an abundance of caution, the Court has reviewed the *Tech-Bilt* factors in relation to the facts of this case and Plaintiffs' claims, and ultimately, the Court finds nothing about the consideration of these factors that weighs against making a good faith settlement determination. The City Defendants' Application and the Declaration of Kevin P. Allen in Support of the Application set forth the basis for the good faith settlement and provide background to the case. Appl. at 3-5; Allen Decl., Dkt. No. 137. Thus, as Plaintiffs have stipulated that the settlement is a good faith settlement pursuant to section 877.6, and the Court has received no opposition, the Court finds it proper to grant the good faith settlement determination at this time.[3]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the City Defendants' Application for a Good Faith Settlement pursuant to California Code of Civil Procedure sections 877 and 877.6. The City Defendants and Plaintiff shall file a stipulation for dismissal **by December 4, 2015** or file a joint status report as to why the stipulation has not been filed.

**IT IS SO ORDERED.**

Dated: November 6, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[3] In granting this Application, the Court is satisfied that due process requirements prevent misuse of the good faith settlement statute in the absence of nonsettling defendants. The determination of a good faith settlement is not limitless: "[A]n unnamed joint tortfeasor whose potential liability is known, or reasonably should be known, to the settling parties but who is given no opportunity to be heard . . . is not bound by a good faith determination[.]" *City of Emeryville v. Robinson*, 621 F.3d 1251, 1266 (9th Cir. 2010) (quotation omitted).