# EXHIBIT "G"

# ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

ATTORNEYS

180 Montgomery Street, Suite 1200
San Francisco, California 94104

Telephone (415) 697-2000
Facsimile (415) 813-2045
E-Mail: kallen@aghwlaw.com

Our File No.:
31184-43314

December 22, 2014

Deron A. Kartoon
Law Offices of Deron A. Kartoon
3 Sir Francis Drake Boulevard
P.O. Box 1403
Ross, CA 94957

Re:   <u>Spitzer v. Aljoe, et al.</u>
      US District Court, Case No.: CV 13-5442

Dear Mr. Kartoon:

Enclosed please find Defendants' responses to Plaintiffs' Requests for Production of Documents, Set One. They are the responsive documents to-date. I am currently reviewing additional documents provided to me by Defendants (including thousands of emails). If any responsive documents are found, they will be produced in a supplemental response. As you know, I've been out of the office on jury service since December 11th. This has limited the overall number of hours I could devote to responding to these requests.

Very truly yours,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

Kevin P. Allen

KPA/dc

35915.1

1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   KEVIN P. ALLEN, State Bar No. 252290
    kallen@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA 94104
    Telephone:     (415) 697-2000
5   Facsimile:     (415) 813-2045

6   Attorneys for Defendants
    CITY OF PLEASANTON; TRISHA A. ALJOE;
7   JONATHAN P. LOWELL; GEORGE THOMAS; and
    WALTER WICKBOLDT

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12   THOMAS ("LEROY") A. SPITZER and        Case No.: CV 13-5442-MEJ
     CRAIG J. SPITZER,
13                                          **DEFENDANT CITY OF PLEASANTON'S**
                   Plaintiffs,              **RESPONSES TO PLAINTIFFS' REQUEST**
14                                          **FOR PRODUCTION OF DOCUMENTS, SET**
          v.                                **ONE**
15
     TRISHA A. ALJOE, et al.,
16
                   Defendants.
17

18   PROPOUNDING PARTY:        Plaintiffs      THOMAS A. SPITZER and CRAIG J.

19                                             SPITZER

20   RESPONDING PARTY:         Defendant      CITY OF PLEASANTON

21   SET NO.:                  ONE

22       **TO:    PLAINTIFFS THOMAS A. SPITZER AND CRAIG J. SPITZER AND TO**

23   **THEIR ATTORNEY OF RECORD:**

24       Pursuant to *Federal Rule of Civil Procedure* 34, Defendant, CITY OF PLEASANTON

25   responds to Plaintiffs, THOMAS A. SPITZER and CRAIG J. SPITZER'S Requests for

26   Production of Documents (Set One).

27   / / /

28   / / /

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

35700.1

**GENERAL OBJECTIONS AND CONDITIONS**

1.      The documents produced are solely for the purpose of this action, and not for the purpose of any other action, including any other action pending between some or all of the parties. Each document is subject to all obligations as to confidence, relevance, materiality, privilege and admissibility, and any and all other objections and grounds which would require the exclusion of any document produced in Court, all objections and grounds of which are reserved and may be interposed at the time of trial.

2.      No incidental or implied admissions are intended by the production of these documents. The fact that Defendant has produced any given document should not be taken as an admission that Defendant accepts or admits the existence of any facts or that such documents constitute admissible evidence. The fact that Defendant produces any document hereunder is not intended, and shall not be construed to be, a waiver by Defendant of all, or any part, of any objection to the Request for Production of Documents on file herein.

3.      Defendant has not completed its investigation of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. Defendant has made a reasonable search of its records and the documents produced are produced with the intention that they are produced without prejudice to Defendant's right to voluntarily provide subsequently discovered, unobjectionable documents.

4.      Be advised that all responses hereto and all documents to be produced in accordance with the document request are without prejudice to Defendant's right to obtain, produce or use at trial any document not currently in Defendant's possession, but subsequently obtained from any other source.

5.      In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Defendant objects generally to each request to the extent that it seeks documents subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the privilege to refuse to disclose trade secrets, or any other applicable privilege or protection. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege or protection.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

6.      In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Defendant objects generally to each request to the extent it seeks to elicit documents subject to and protected by the constitutional right to privacy.

7.      These responses are made solely for the purpose of this action.  Each response is made subject to and without waiving all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved or may be interposed in further proceedings and at the time of trial.

8.      Any statement made herein of an intent to produce documents is not, and shall not be deemed, an admission of any factual or legal contention contained in any request.  Defendant objects to each request to the extent that it contains any statements which are factually or legally incorrect or inaccurate.

9.      Defendant objects to each request and instruction to the extent that it seeks the production of documents that are neither relevant to the subject matter of this action nor are reasonably calculated to lead to the discovery of admissible evidence.

10.      Defendant objects to each request and instruction to the extent that it purports to impose obligations on Defendant in excess of or different from those imposed by the Federal Rules of Civil Procedure and other applicable law or rules.

11.      Defendant objects to each request and instruction to the extent it seeks documents that are (a) publicly available to Plaintiffs and Plaintiffs' counsel; (b) already in Plaintiffs possession, custody or control; (c) in Defendant's possession only because produced by another party in this litigation; or (d) not within Defendant's possession, custody or control.

12.      Defendant objects to each request and instruction to the extent that it contains terms which are undefined, vague and ambiguous.

13.      By producing the documents herein, Defendant is not giving its permission that the documents produced may be used for any purpose, other than for use in this litigation.

/ / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  **RESPONSES TO REQUESTS FOR PRODUCTION**

2  **REQUEST FOR PRODUCTION A-1:**

3    The tow and storage, and disposal of Plaintiff Leroy's Mazda truck on and about Nov. 7 -

4  Dec. 15, 2011, including but not limited to the identities of the police officers, other persons and

5  entities, and circumstances involved.

6  **RESPONSE TO REQUEST FOR PRODUCTION A-1:**

7    Please see "PLST 000234-000239," attached.

8  **REQUEST FOR PRODUCTION A-2:**

9    All reports of Plaintiffs', or any other person's or persons' activities at plaintiffs' house

10  located at 4719 Orangewood Court in the City of Pleasanton, and the Pleasanton Police

11  Department's and its personnel's responses to each of them, including but not limited to the

12  time period between the posting of the Notice and Order and "red tags" on Plaintiffs' house, at

13  4719 Orangewood Court, on Dec. 1, 2011, and the Aug. 23, 2012, hearing on your Ex Parte

14  Application to appoint a receiver; between the date of the foregoing ex parte hearing, and the

15  Sept. 12, 2012 hearing on the Order to Show Cause; between the foregoing order to show cause

16  hearing, and Sept. 17, 2012; and all times thereafter.

17  **RESPONSE TO REQUEST FOR PRODUCTION A-2:**

18    Please see "PLST 000001-000012," and "PLST 000243-000247," attached.

19  **REQUEST FOR PRODUCTION A-3:**

20    Defendant Wickboldt's visit to Plaintiffs' house about on or about Aug. 24-26, 2012 with

21  two Pleasanton police officers who threatened to arrest Plaintiffs and their helpers if they entered

22  the house, including but not limited to the identities of the police officers involved, and the

23  decision and planning to do these things.

24  **RESPONSE TO REQUEST FOR PRODUCTION A-3:**

25    Investigation and discovery are continuing.

26  **REQUEST FOR PRODUCTION A-4:**

27    Defendant Wickboldt's several visits to Plaintiffs' property on or about Aug. 28-30, 2012

28  with two different police officers at which times Wickboldt put tape over the rear entrance to

35700.1

1    Plaintiffs' house, including but not limited to the identities of the police officers, and other

2    persons involved.

3    **RESPONSE TO REQUEST FOR PRODUCTION A-4:**

4         Investigation and discovery are continuing.

5    **REQUEST FOR PRODUCTION A-5:**

6         The detention, arrest, and jailing of Plaintiffs Thomas (Leroy) and Craig Spitzer on

7    9/17/13, including but not limited to the identities of the police officers and all other persons or

8    entities involved, and the decision to charge Plaintiffs with manufacturing a controlled substance.

9    **RESPONSE TO REQUEST FOR PRODUCTION A-5:**

10        Please see "PLST 000001-000012," and "PLST 000243-000247" attached.

11   **REQUEST FOR PRODUCTION A-6:**

12        Alleged hazardous waste/chemicals stored at Plaintiffs' house located at 4719

13   Orangewood Court in the City of Pleasanton.

14   **RESPONSE TO REQUEST FOR PRODUCTION A-6:**

15        Please see "PLST 000001-000021," and "PLST 000248-000251" attached.

16   **REQUEST FOR PRODUCTION A-7:**

17        The Search Warrant issued and executed on 9/17/13 to search Plaintiff's house, including,

18   but not limited to the decision to apply to search for drug manufacturing paraphernalia.

19   **RESPONSE TO REQUEST FOR PRODUCTION A-7:**

20        Please see "PLST 000013-000021," attached.

21   **REQUEST FOR PRODUCTION B:**

22        All Pleasanton-Livermore Fire Department documents, investigation reports, notes,

23   information, and communications, in writing and/or stored by electronic means, concerning

24   Plaintiffs' house and personal and real property located at 4719 Orangewood Court in the City of

25   Pleasanton, including, but not limited to alleged hazardous chemicals stored there, their

26   removal by receiver J. Benjamin McGrew's agent and contractor DECON, the Pleasanton-

27   Livermore Fire Department's advice and consultation related to its removal, and the identities of

28   the Fire Department personnel involved.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1  **RESPONSE TO REQUEST FOR PRODUCTION B:**

2      Please see "PLST 000001-000021;" "PLST 000268-000272," and "PLST 000399-

3  000575", attached.

4  **REQUEST FOR PRODUCTION C-1:**

5      The planning for and decision of Defendants City of Pleasanton and Lowell to

6  contract with Defendant Aljoe for consultant and special counsel services.

7  **RESPONSE TO REQUEST FOR PRODUCTION C-1:**

8      Defendant City of Pleasanton ("Defendant" or "City") objects on grounds of attorney-

9  client privilege, work-product doctrine, and privacy. Documents concerning the thought process

10  and deliberations into the hiring of Trisha Aljoe are protected; not subject to discovery.

11  Moreover, such documents are irrelevant and unlikely to lead to discovery of admissible

12  evidence. For privileged/privacy documents, the City is currently preparing a privilege/privacy

13  log. That will be produced upon completion.

14  **REQUEST FOR PRODUCTION C-2:**

15      The acts of oversight by Defendants City and Lowell related to the performance of Aljoe's

16  duties as consultant and special counsel.

17  **RESPONSE TO REQUEST FOR PRODUCTION C-2:**

18      Defendant objects on grounds of attorney-client privilege, work-product doctrine, and

19  privacy. Documents concerning supervision of the City's own retained attorney are protected; not

20  subject to discovery. Moreover, such documents are irrelevant and unlikely to lead to discovery

21  of admissible evidence. For privileged/privacy documents, the City is currently preparing a

22  privilege/privacy log. That will be produced upon completion.

23  **REQUEST FOR PRODUCTION C-3:**

24      Aljoe's reports to Defendants City and Lowell of her activities as consultant and

25  special counsel.

26  **RESPONSE TO REQUEST FOR PRODUCTION C-3:**

27      Defendant objects on grounds of attorney-client privilege, work-product doctrine, and

28  privacy. Reports from an attorney (Aljoe) to her client (the City) are protected; not subject to

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1   discovery. Moreover, such documents are irrelevant and unlikely to lead to discovery of

2   admissible evidence. For privileged/privacy documents, the City is currently preparing a

3   privilege/privacy log. That will be produced upon completion.

4   **REQUEST FOR PRODUCTION C-4:**

5       The City of Pleasanton's acts of oversight of the Receivership action as it was being

6   conducted by Defendants Aljoe, Lowell, Thomas and Wickboldt; and the receiver J. Benjamin

7   McGrew.

8   **RESPONSE TO REQUEST FOR PRODUCTION C-4:**

9       Defendant objects on grounds of attorney-client privilege, work-product doctrine, and

10  privacy. Documents between Aljoe and/or Lowell and City personnel relating to the Receivership

11  are protected and not subject to discovery, as Aljoe and Lowell are the City's attorneys and such

12  communications occurred in the context of attorney-client privilege and an ongoing, litigated

13  action. Subject to and without waiving these objections, Defendant responses as follows: the City

14  does not assert privilege regarding documents between City personnel and McGrew. Please see

15  "PLST 000240-000242," attached.

16      For privileged/privacy documents, the City is currently preparing a privilege/privacy log.

17  That will be produced upon completion.

18  **REQUEST FOR PRODUCTION D:**

19      All documents, notes, information, and communications, in writing or stored by electronic

20  means, in the custody or control of the City of Pleasanton, concerning and/or related to Plaintiff's

21  Thomas Spitzer's two letters of complaint concerning the conduct of the litigation by Defendant

22  Aljoe, sent by Thomas Spitzer to Defendant Lowell and the City Defendant's City manager, and

23  May or on or about Sept. 5 and Oct. 25, 2012, and the City's and its official's acts and responses

24  related to them.

25  **RESPONSE TO REQUEST FOR PRODUCTION D:**

26      Defendant objects on grounds of attorney-client privilege, work-product doctrine, and

27  privacy. Subject to and without waiving these objections, Defendant responses as follows: Please

28  see "PLST 000273-000337," attached.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1  For privileged/privacy documents, the City is currently preparing a privilege/privacy log.
2  That will be produced upon completion.

3  **REQUEST FOR PRODUCTION E-1:**

4  The Inspection Warrant for inspection of Plaintiffs' house at 4719 Orangewood Court
5  issued and executed on and about Oct. 11 - 21, 2011, including but not limited to the planning for
6  and decision to apply for and execute it, and the persons involved in its execution.

7  **RESPONSE TO REQUEST FOR PRODUCTION E-1:**

8  Please see "PLST 000338-000385" and "PLST 000650-000652," attached.

9  **REQUEST FOR PRODUCTION E-2:**

10  The tow and storage, and disposal of Plaintiff Thomas ("Leroy") Spitzer' s Mazda
11  truck on and about Nov. 7 - Dec. 15, 2011, including but not limited to the planning for and
12  decisions to tow, prevent Plaintiff Leroy from retrieving it by paying the towing fee, and
13  disposing of it without a hearing.

14  **RESPONSE TO REQUEST FOR PRODUCTION E-2:**

15  Please see "PLST 000234-000239," attached.

16  **REQUEST FOR PRODUCTION E-3:**

17  The Notice and Order to Repair and Abate and the "red tags" issued and posted on
18  Plaintiffs' house at 4719 Orangewood Court in the City of Pleasanton on and about Dec. 1, 2011,
19  including but not limited to the planning for and decision to issue it.

20  **RESPONSE TO REQUEST FOR PRODUCTION E-3:**

21  Please see "PLST 000386-000391" and "PLST 000638-000649," attached.

22  **REQUEST FOR PRODUCTION E-4:**

23  The following words on the Notice and Order to Repair and Abate: "... entering the
24  building, or any portion therefore, will result in the arrest of the occupants for a misdemeanor
25  violation pursuant to the Pleasanton Municipal Code and the State building Standards Code"
26  (emphasis in original), including but not limited to copies of the alleged cited code sections, and
27  the planning for and decision to write it.

28  / / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

8

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    **RESPONSE TO REQUEST FOR PRODUCTION E-4:**

2          The relevant provisions include, but are not limited to, the following: please see "PLST

3    000618-000622," attached. Please also see California State Building §§ 114.1-114.4.

4    **REQUEST FOR PRODUCTION E-5:**

5          The City's refusal to agree to allow a national TV producer to pay for the entire clean-up

6    of Plaintiffs' house in exchange for filming and broadcasting the clean-up work.

7    **RESPONSE TO REQUEST FOR PRODUCTION E-5:**

8          After a reasonable search and diligent inquiry, no documents responsive to the Request

9    are the City's possession.

10   **REQUEST FOR PRODUCTION E-6:**

11         Reports by Plaintiffs' neighbors of Plaintiffs' and any other persons' activities at

12   Plaintiffs' house located at 4719 Orangewood Court in the City of Pleasanton after the Notice and

13   Order and "red tags" were posted on Dec. 1, 2011.

14   **RESPONSE TO REQUEST FOR PRODUCTION E-6:**

15         To-date, no such documents have been located. Investigation and discovery are

16   continuing.

17   **REQUEST FOR PRODUCTION E-7:**

18         Defendant Wickboldt's visit to Plaintiffs' house, on or about Aug. 9, 2012, while

19   Plaintiffs and their helpers were working cleaning out and removing Plaintiff Leroy's personal

20   property from the house, at which time Wickboldt posted another dated reel tag, and said "we

21   have discussed this and decided to post this red tag," including but not limited to all discussions

22   he was referring to, and the identities of the person's involved.

23   **RESPONSE TO REQUEST FOR PRODUCTION E-7:**

24         After a reasonable search and diligent inquiry, no documents responsive to the Request

25   are the City's possession.

26   **REQUEST FOR PRODUCTION E-8:**

27         Defendant Aljoe's threat to Plaintiffs at the Aug. 23, 2012, hearing on your Ex Parte

28   Application to appoint a receiver, which was denied, that she would have them arrested if they

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1   entered the house again after the hearing.

2   **RESPONSE TO REQUEST FOR PRODUCTION E-8:**

3        After a reasonable search and diligent inquiry, no documents responsive to the Request

4   are in the City's possession.

5   **REQUEST FOR PRODUCTION E-9:**

6        Defendant Wickboldt's Aug. 24, 2012, letter to Plaintiffs scheduling an inspection of

7   Plaintiffs' house for Aug. 29, 2012, including but not limited to the planning for and decision to

8   send it.

9   **RESPONSE TO REQUEST FOR PRODUCTION E-9:**

10       Please see "PLST 000392," attached.

11  **REQUEST FOR PRODUCTION E-10:**

12       Reports by Plaintiffs' neighbors of Plaintiffs' and any other persons' activities at

13  Plaintiffs' house located at 4719 Orangewood Court in the City of Pleasanton after the foregoing

14  hearing on the Ex Parte Application.

15  **RESPONSE TO REQUEST FOR PRODUCTION E-10:**

16       To-date, no such documents have been located. Investigation and discovery are

17  continuing.

18  **REQUEST FOR PRODUCTION E-11:**

19       Defendant Wickboldt's visit to the property with 2 Pleasanton police officers several days

20  after the letter scheduling the inspection was sent, at which time they threatened Plaintiff Thomas

21  Spitzer and two of his helper-friends with arrest if they entered the house to continue their clean-

22  up work, including but not limited to the planning for and decision to make this visit and threat.

23  **RESPONSE TO REQUEST FOR PRODUCTION E-11:**

24       Please see "PLST 000393-000395," "PLST 000623-000626," and "PLST 000629-

25  000631" attached.

26  **REQUEST FOR PRODUCTION E-12:**

27       Defendant Thomas's and Wickboldt's inspection of Plaintiffs' house, on or about Aug. 29,

28  2012, including but not limited to Thomas's "Courtesy Building Inspection Report" related to it,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1    the planning for and decision to conduct this inspection, and the circumstances related to it.

2    **RESPONSE TO REQUEST FOR PRODUCTION E-12:**

3         Defendant is aware of an inspection on August 27, 2012. Defendant is unaware of a visit

4    on August 29, 2012. Investigation and discovery are continuing.

5    **REQUEST FOR PRODUCTION E-13:**

6         Reports by Plaintiffs' neighbors of Plaintiffs' and any other persons' activities at

7    Plaintiffs' house located at 4719 Orangewood Court in the City of Pleasanton after the date of the

8    foregoing inspection.

9    **RESPONSE TO REQUEST FOR PRODUCTION E-13:**

10        To-date, no such documents have been located. Investigation and discovery are

11   continuing.

12   **REQUEST FOR PRODUCTION E-14:**

13        Defendant Wickboldt's several visits to and entry onto the Plaintiffs' property after the

14   foregoing inspection during which he, while in the company of Pleasanton police officers,

15   placed tape on the back door of Plaintiffs' house to serve as evidence of illegal entry if it

16   was broken, including but not limited to the planning for and decision to do these things.

17   **RESPONSE TO REQUEST FOR PRODUCTION E-14:**

18        Investigation and discovery are continuing.

19   **REQUEST FOR PRODUCTION E-15:**

20        Alleged hazardous waste/chemicals stored at Plaintiffs' house located at 4719

21   Orangewood Court in the City of Pleasanton, including but not limited to the planning for and

22   decision to have the Pleasanton-Livermore Fire Department pursue an inspection or investigation

23   of it.

24   **RESPONSE TO REQUEST FOR PRODUCTION E-15:**

25        Please see Please see "PLST 000001-000021" and "PLST 000268-000272," attached.

26   **REQUEST FOR PRODUCTION E-16:**

27        The surprise Supplemental Declaration of George Thomas and exhibits filed in court on

28   the day of the Sept. 12, 2012, Order to Show Cause hearing on your ex parte application to

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

11

35700.1

1    appoint a receiver, including but not limited to the planning for and decision to prepare and file it.

2    **RESPONSE TO REQUEST FOR PRODUCTION E-16:**

3         With respect to that portion of the Request seek documents relating to "the planning for

4    and decision to prepare and file" George's supplemental declaration, Defendant objects on

5    grounds of attorney-client privilege and work-product doctrine. Documents concerning the

6    decision-making process and work that went into George's supplemental declaration is protected.

7    It occurred during the course of active litigation to which the City was a party. That litigation is

8    still ongoing. For privileged/privacy documents, the City is currently preparing a

9    privilege/privacy log. That will be produced upon completion. Subject to and without waiving

10   these objections, Defendant responds as follows: Please see "PLST 000396-000398," attached.

11   **REQUEST FOR PRODUCTION E-17:**

12        Defendants Aljoe's, Lowell's, and the City of Pleasanton's failure to serve Plaintiffs

13   the summons, including but not limited to the planning for and decision not to serve it.

14   **RESPONSE TO REQUEST FOR PRODUCTION E-17:**

15        Defendant objects the Request lacks foundation. Defendant further objects the Request is

16   vague and ambiguous as to term "summons." The Request does not give context to the summons,

17   or specify what it was supposed to be about. Assuming, *arguendo*, such failure occurred,

18   Defendant objects to that portion of the Request seeking documents relating to "the planning for

19   and decision not to serve" any summons. Defendant objects on grounds of attorney-client

20   privilege and work-product doctrine. Documents concerning the decision-making process and

21   work that went into any summons is protected. It would have occurred during the course of active

22   litigation to which the City was a party. That litigation is still ongoing. Subject to and without

23   waiving these objections, Defendant responds as follows: after a reasonable search and diligent

24   inquiry, no documents responsive to the Request are in the City's possession.

25   **REQUEST FOR PRODUCTION E-18:**

26        Defendants Aljoe's, Lowell's and the City of Pleasanton's contention that the order to

27   show cause hearing was a trial, including but not limited to the planning for and decision to assert

28   that it was.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1   **RESPONSE TO REQUEST FOR PRODUCTION E-18:**

2         Defendant objects the Request lacks foundation. Plaintiff offers no evidence the named

3   parties believed it was a trial. Assuming, *arguendo*, they did, Defendant objects to that portion of

4   the Request seeking documents relating to "the planning for and decision to assert" the hearing

5   was a trial. Defendant objects on grounds of attorney-client privilege and work-product doctrine.

6   Documents concerning the decision-making process and work into that decision is protected. It

7   would have occurred during the course of active litigation to which the City was a party. That

8   litigation is still ongoing. Subject to and without waiving these objections, Defendant responds as

9   follows: after a reasonable search and diligent inquiry, no documents responsive to the Request

10  are in the City's possession.

11  **REQUEST FOR PRODUCTION E-19:**

12        Reports by Plaintiffs' neighbors of Plaintiffs' and any other persons' activities at

13  Plaintiffs' house located at 4719 Orangewood Court in the City of Pleasanton after the Sept. 12,

14  2012 hearing on the Order to Show Cause.

15  **RESPONSE TO REQUEST FOR PRODUCTION E-19:**

16        To-date, no such documents have been located. Investigation and discovery are

17  continuing.

18  **REQUEST FOR PRODUCTION NO. E-20:**

19        The arrest, and jailing of Plaintiffs Thomas and Craig Spitzer on and about 9/17/13,

20  including, but not limited to the planning for and decision to arrest, and jail them.

21  **RESPONSE TO REQUEST FOR PRODUCTION E-20:**

22        The arrest occurred on September 17, 2012. Defendant assumes the Request has a typo.

23  Please see "PLST 000001-000021," attached.

24  **REQUEST FOR PRODUCTION NO. E-21:**

25        The issuance and execution of the Search Warrant to search Plaintiffs' house after they

26  were arrested and jailed on 9/17/13, including but not limited to the planning for and decision to

27  seek a warrant to search their house.

28  / / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  **RESPONSE TO REQUEST FOR PRODUCTION E-21:**

2  The search occurred on September 17, 2012. Defendant assumes the Request has a typo.

3  Please see "PLST 000001-000021," attached.

4  **REQUEST FOR PRODUCTION NO. E-22:**

5  Defendants' assurances to Plaintiffs' neighbors that Plaintiffs' house and property would

6  be cleaned up and repaired quickly after a receiver was appointed.

7  **RESPONSE TO REQUEST FOR PRODUCTION E-22:**

8  To-date, no such documents have been located. Investigation and discovery are

9  continuing.

10  **REQUEST FOR PRODUCTION NO. E-23:**

11  Complaints from Plaintiffs' neighbors on Orangewood Court about the delay of the clean-

12  up and repair of Plaintiffs' house after the receiver was appointed, and Defendants' responses to

13  them.

14  **RESPONSE TO REQUEST FOR PRODUCTION E-23:**

15  To-date, no such documents have been located. Investigation and discovery are

16  continuing.

17  **REQUEST FOR PRODUCTION NO. E-24:**

18  Defendant Aljoe's meeting with receiver J. Benjamin McGrew, on or about the beginning

19  of February, after which McGrew barred Plaintiffs' and their helper friends from working and

20  from access to their personal property.

21  **RESPONSE TO REQUEST FOR PRODUCTION E-24:**

22  Defendant objects the request is vague and ambiguous as to the term "February" -- no year

23  is provided. Subject to and without waiving this objection, Defendant responds as follows: After a

24  reasonable search and diligent inquiry, no documents responsive to the Request are in the City's

25  possession.

26  **REQUEST FOR PRODUCTION NO. E-25:**

27  The execution of the DECON contract on and about July 17, 2013 without a prior court

28  order, and the planning for and decision to execute it without a prior court order, including but not

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1  limited to all Defendants Aljoe's, Lowell's, Thomas', and Wickboldt's meetings and

2  communications concerning and/or related to its execution.

3  **RESPONSE TO REQUEST FOR PRODUCTION E-25:**

4        Defendant objects the Request lacks foundation. It assumes any of the named defendants

5  were involved in the execution of the DECON contract. That contract was executed by Receiver

6  McGrew. Defendant further objects to that portion of the Request seeking documents relating to

7  "the planning for and decision to execute" the DECON contract. Defendant objects on grounds of

8  attorney-client privilege and work-product doctrine. Documents concerning the decision-making

9  process and work into that decision is protected. It would have occurred during the course of

10  active litigation to which the City was a party. That litigation is still ongoing. For

11  privileged/privacy documents, the City is currently preparing a privilege/privacy log. That will be

12  produced upon completion.

13  **REQUEST FOR PRODUCTION NO. E-26:**

14        Defendants Aljoe's, Lowell's, Thomas', Wickboldt's and any of the Defendant City of

15  Pleasanton' s other agent's, employee's, or official's meetings and communications with receiver

16  J. Benjamin McGrew both before and after he was appointed, including but not limited to the

17  dates and subject matter of the meetings and communications.

18  **RESPONSE TO REQUEST FOR PRODUCTION E-26:**

19        Please see "PLST 000240-000242" and "PLST 000632-000637" attached.

20  **REQUEST FOR PRODUCTION NO. E-27:**

21        Defendants Aljoe's, Lowell's, Thomas', and Wickboldt's meetings and communications

22  with each other, the Pleasanton Police Department and its personnel, and the Pleasanton-

23  Livermore fire Department and its personnel, including but not limited to the dates, and subject

24  matter of the meetings and communications.

25  **RESPONSE TO REQUEST FOR PRODUCTION E-27:**

26        Defendant objects the Request is vague and overbroad as to time and scope, as it seeks all

27  communications between Aljoe, Lowell, Thomas, Wickboldt and the Pleasanton Fire Department

28  regarding the Spitzer residence. Defendant further objects the Request violates attorney-client

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1

1  privilege and attorney-product doctrine, since communications between City Attorney Lowell

2  and/or Special Counsel Aljoe and City personnel would have been communications between

3  counsel and client.  For privileged/privacy documents, the City is currently preparing a

4  privilege/privacy log. That will be produced upon completion.

5  **REQUEST FOR PRODUCTION NO. F:**

6      All documents, reports of investigations, notes, information, and communications in

7  writing and/or by electronic means in the custody or control of the City of Pleasanton concerning

8  and/or related to Plaintiffs Thomas and Craig Spitzer's Government Claim filed with the City on

9  Feb. 19, 2013, including but not limited to the City's and its officials, and Defendants Aljoe's,

10 Lowell's, Thomas', and Wickboldt's acts and responses related to it.

11 **RESPONSE TO REQUEST FOR PRODUCTION F:**

12     Defendant objects on grounds of attorney-client privilege, work-product doctrine, and

13 privacy. Subject to and without waiving these objections, Defendant responses as follows: Please

14 see Please see "PLST 000576-000617" attached.

16                          Respectfully submitted,

17 Dated:  December 22, 2014          ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP

19                          By: _____
20                              DALE L. ALLEN, JR.
                                KEVIN P. ALLEN
21                              Attorneys for Defendants
                                CITY OF PLEASANTON; TRISHA A.
22                              ALJOE; JONATHAN P. LOWELL; GEORGE
                                THOMAS; and WALTER WICKBOLDT

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

STATE OF CALIFORNIA )
)
COUNTY OF SAN FRANCISCO )

I, the undersigned, declare:

I am an authorized representative of the City of Pleasanton which is a party to this action, and am authorized to make this verification for and on its behalf. I have read the attached **DEFENDANT CITY OF PLEASANTON'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** and know its contents. I am informed and believe, and on that ground allege, that the matters stated in it are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed this _22_ day of December, 2014 at Pleasanton, California.

Steven Bocian
Asst. City Manager

1
VERIFICATION

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On December 22, 2014, I served the within: **DEFENDANT CITY OF PLEASANTON'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☒  **By Personal Service:**  I personally delivered the documents to the persons at the addresses listed on the service list.

☒  *(FEDERAL)*  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on December 22, 2014, at San Francisco, California.

Danielle Costes
Danielle Costes

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

17

35700.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

**SERVICE LIST**

2

3   Thomas James Jensen
    P.O. Box 614
4   Oakland, CA 94604
    (served at:
5   180 Montgomery Street, Suite 1200
    San Francisco, CA 94111)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO RPD #1 (COP)
CV 13-5442-MEJ

35700.1



**From:**                        Trisha Aljoe <trishaaljoe@comcast.net>
**Sent:**                        Wednesday, July 16, 2014 12:34 PM
**To:**                          J Benjamin McGrew; J Benjamin McGrew
**Cc:**                          Jonathan Lowell; Renee Perko; Julie Harryman; George Thomas
**Subject:**                     City of Pleasanton v. Spitzer, et al  Receiver Action

**Sensitivity:**                 Confidential


Dear Mr. McGrew,

The City of Pleasanton will be seeking to have you replaced as the appointed receiver in the Spitzer matter, just as Dean Pucci did this February in the Point Area case.

We are hoping that you will not contest the application so that the City does not need to bullet point each and every  issue and failure that has finally lead to the City needing to take this drastic step. Those issues include, but are not limited to, that you have allowed all the court-ordered building and demo  permits to expire, your continued failure to provide the City with the required monthly reports, and your failure to even  maintain or monitor the blighted property, and the most egregious fact that you have failed to  commence any repair or rehab work and no longer even have any valid permits to do so.

Please don't  attempt to use the dismissed appeal as yet another an excuse for your continued failure to comply is without any legal merit since the Spitzers never sought a <u>stay</u> of the order setting specific deadlines for you to take specific actions, nor was there any "automatic" stay simply because they filed an appeal (of an un-appealable order in any event).

**Please advise me**  ASAP <u>if you are willing to stipulate to the replacement</u> and  that way I can use the same process and format as Dean Pucci did and state in our moving papers that you <u>consent </u>to the replacement.

Otherwise, we will be compelled to comply a complete bullet point list of each and every failure to perform, including your refusal to communicate with the City or ever give an accounting of the  scrap metal you allowed DECON to remove, sell and keep the proceeds for themselves.  I'm sure that such a detailed list is something neither one of us want.

We have given you countless opportunities to perform your duties in a professional and competent manner but unfortunately our patience has been in vain and we can no longer permit the substandard and dangerous structure to remain unabated.

If I do not hear  back from you **on or before JULY 23, 2014**,  stating <u>whether or not you will  agree **not to contest** the replacement</u> and <u>whether or not you will consent to the replacement</u>, we will move forward with the action as a contested "for cause" action and advise the court in our application that you refuse to communicate or respond to our request regarding your replacement as the receiver.

Thank you in advance for your cooperation.


Trisha A. Aljoe
Attorney for Petitioner,
City of Pleasanton

PLST - 000240

Click here to report this email as spam.

PLST - 000241