# EXHIBIT "L"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Cailfornia

CITY OF PLEASANTON
DEC 19 2014
CITY ATTORNEY

| | |
|---|---|
| Thomas ("Leroy') A. Spitzer and Craig J. Spitzer<br>*Plaintiff*<br>v.<br>Trisha A. Aljoe, et al<br>*Defendant* | Civil Action No. 13-cv-05442-MEJ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Documents of the Pleasanton Police Department

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See attachment to pg. 1.*

| Place: | At the records office of the Pleasanton Police Department, 4833 Bernal Avenue, Pleasanton, CA 94566 | Date and Time: JAN 5, 2015 at 1:00 pm |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/12/14

CLERK OF COURT

_____          OR     /s/ D. Kartoon
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Thomas A. Spitzer and Craig J. Spitzer _____, who issues or requests this subpoena, are:
Deron A. Kartoon, 3 Francis Drake Blvd., P.O. Box 614, Ross, CA 94957; email: deron.kartoon@gmail.com;
Telephone: (415) 760-0854

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT TO PAGE 1
### of Subpoena to the Custodian of Documents of the Pleasanton Police Department
### 4833 Bernal Avenue, Pleasanton, CA 94566

**Your are commanded to produce the following documents, and electronicly stored information, or objects at the time and place indicated on pg. 1:**

**A.** All documents, electronic information, and tangible things related to: Thomas A. Spitzer and Craig J. Spitzer; their house at 4719 Orangewood Court in the City of Pleasanton; the detention, arrest and jailing of their persons, and the search of their house on and about September 17, 2012; and the Pleasanton Police Department report titled "Initial Investigation" Case No. 2012-00034984 (hereinafter "Initial Investigation Report"), signed by "Officer 245\ Tujague, Ryan"; including but not limited to:

1. The personal notes and phone records of Officer Ryan Tujague, and any reports he made other than the Initial Investigation Report;

2. The personal notes and phone records of Sgt. Fragomeli, and any reports she made;

3. All police, Livermore-Pleasanton Fire Department, and ACSO (Alameda County Sheriff's Office) District Attorney's documents and electronic information related to the Initial Investigation Report, including but not limited to written reports and memoranda, letters, fax transmissions, emails, and text messages;

4. All transcripts of Pleasanton police phone, dispatch, and communication logs; and any other electronic voice recordings made by them;

5. All transcripts of Livermore-Pleasanton Fire Department phone, dispatch, and communications logs, and any other electronic voice recordings made by them;

6. Transcript of all 911 calls, and any other electronic or written record of calls to the Pleasanton Police Department, and/or to any of its personnel, reporting activity at 4719 Orangewood Court, including but not limited to the foregoing incident;

7. All documents and electronic information related to the report by the "anonymous reporting party" mentioned in the Narrative of the Initial Investigation Report, and the identity of the persons making the report and receiving it;

8. All photographs, and video and audio recordings;

1

Attachment to pg. 1 of Subpoena to Custodian of Documents of Pleasanton Police Department
Spitzers v. City of Pleasanton, U.S. District Court, Northern District of California, Case No. 13-05442

9. All Internal police communications to or from Ryan Tugague, and to or from any other police department personnel, including but not limited to communications by radio, memorandum, letter, phone, fax, email, and text;

10. All communications by police personnel with all persons and entities outside the police department, to or from Officer Tujague, and to or from any other police department personnel; including but not limited to communications by radio, memorandum, letter, phone, fax, email, and text;

11. A list of all persons who requested and received; and/or examined, contributed to, modified, or edited the Initial Investigation Report before and/or after it was originally submitted;

12. All complaints about and discipline of Officer Tujague;

13. A copy of the "active traffic warrant for [the] arrest" of Thomas Spitzer mentioned in the Narrative of the Initial Investigation Report;

14. All Jail records related to Thomas Spitzer, Craig Spitzer, and Kristen Bartok;

15. All police reports related to Kristen Bartok, who was reported by the Narrative of the Initial Investigation Report to have been arrested by "Officer Hunter," Case No. 12-34980, including but not limited to the results of any drug tests given to her;

16. A copy of the results of any drug tests given to Craig Spitzer.

**B.** All documents and electronic information related to Vehicle Report (CHP form 180) File No. 11-47516, regarding the impoundment of the 1987 Red Mazda B2000, License No. 7T36945, registered owner Thomas A. Spitzer, 4719 Orangewood Court, Pleasanton, CA, signed by City of Pleasanton police officer Martinez, I.D. No. 267, on 11/7/11, including but not limited to the following:

1. The personal notes and phone records of Officer Martinez related to the impoundment;

2. All Pleasanton police department telephone and communication logs and transcripts related to the initiation and execution of the impoundment.

3. The "certified abatement letter" mentioned in the Vehicle Report.

4. All documents and electronic communications related to the impoundment and/or the "certified abatement letter" sent to or from Officer Martinez and any other person or entity, including but not limited to communications by memorandum, letter, phone, fax, email, and text messages.

5. All other documents and all contents of any file related to the "certified abatement letter," impoundment of the vehicle, requests to release it, and the ultimate disposition of the vehicle.

**C.** All documents and information related to all visits made by City of Pleasanton Police Department Officers to the house and property, or to the immediate neighborhood of the house, between the dates of Aug. 28, 2012 and Sept. 12, 2012, including but not limited to:

1. The personal notes and phone records of all the police officers involved.

2. The police reports of all the police officers involved.

3. All Pleasanton police Department telephone and communication logs and transcripts related to the initiation and execution of the visits.

4. All documents and electronic communications related to the initiation of the visits to sent to or from Police Department and the officers involved, and any other person or entity, including but not limited to communications by memorandum, letter, phone, fax, email, and text messages.

5. All other documents and all contents of any file related to the police officer visits, including but not limited to their purpose, the persons requesting them, and the contacts made by the police officers.

Date: Dec. 1 , 2014,

By: __s/Deron A. Kartoon_____
Deron A. Kartoon, Attorney for
Thomas A. and Craig J. Spitzer

3

Case 3:13-cv-05442-MEJ Document 184-12 Filed 03/31/16 Page 6 of 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

