**EXHIBIT "S"**

Deron A. Kartoon (State Bar No. 155925)
Law Offices of Deron A. Kartoon
3 Sir Francis Drake Boulevard
P.O. Box 1403
Ross, CA 94957
Telephone: (415) 786-7737
Fax: (415) 453-3485
Attorneys for Thomas and Craig Spitzer,
       Plaintiffs herein

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Thomas ("Leroy") A. Spitzer, and Craig J. Spitzer,<br>   Plaintiffs,<br><br>vs.<br><br>Trisha A. Aljoe, et al.,<br>   Defendants | Case No. cv 13-05442 MEJ<br><br>PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONIC INFORMATION FROM DEFENDANTS TRISHA A. ALJOE, JONATHAN P. LOWELL, GEORGE THOMAS, WALTER WICKBOLDT, AND THE CITY OF PLEASANTON<br><br>Date Due: April 2, 2015<br>Place of Production: Office of Defendants' attorneys, 180 Montgomery St, Suite 1200, San Francisco, CA 94104 |

  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request production of documents and electronic informationfrom defendants Trisha A. Aljoe, Jonathan P. Lowell, George Thomas, Walter Wickboldt, and the City of Pleasanton according to the following Definitions, Instructions, and Description. Plaintiffs request that these documents be produced at the office of the attorneys for the City of Pleasanton located at 180 Montgomery St., Suite 1200, San Francisco, CA 94104, on or before April, 2, 2015.

# DEFINITIONS

1. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, the City of Pleasanton, the Pleasanton Police Department, the Livermore Pleasanton fire Department, Bunia Enterprizes, Inc., G&G Capital LLC, or any other form of legal entity.

2. The term "YOU" and "YOUR" mean defendants Trisha A. Aljoe ("Aljoe"), Jonathan P. Lowell ("Lowell"), George Thomas ("G.Thoms"), Walter Wickboldt ("Wickboldt"), and the City of Pleasanton ("City") (collectively "Defendants"), including each of the agents and employees of the City of Pleasanton, and the Office of the City Attorney, and the agents and employees of defendant Aljoe, both individually and collectively, and in both their personal and official capacities.

3. The term "PLAINTIFFS" means plaintiffs Thomas A. Spitzer and Craig J. Spitzer both individually and collectively, including their agents, helper-friends, attorneys, and all other persons acting on their behalf.

4. The term "COMMUNICATED" means any transmission of information from one PERSON to another, including without limitation by personal meeting, notes, letter, telephone, electronic mail ("e-mail"), electronic text messages, and any other form of electronic messaging, correspondence, teleconference, or facsimile transmission.

5. The term "DOCUMENT" or "DOCUMENTS" mean all physical or "hard copy" papers containing, including, but not limited to, printed words, hand writings, drawings, graphs, charts, photographs, letters, files, memoranda, personal notes, calendars, and reports.

6. The term "ELECTRONICALLY STORED INFORMATION" means information stored in any electronic medium, including, but not limited to, electronic mail ("e-mail"), voicemail, text messages, word processing files, spreadsheets, audio and video recordings, electronically stored photographs and images of documents, and phone call records; and any other electronically stored information regardless of the storage medium in which it resides, including, but not limited to, wireless telephones, computer hard drives, PDAs, networked drives, and optical storage devices such as CDs and DVDs. This definition includes

information contained on backup storage devices, electronic waste baskets, and electronic information recovery devices and systems.

7. The term "RELATING TO" means constituting, comprising, pertaining to, referring to, recording, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

8. The term "PHONE RECORDS" means a record of all calls sent and received, all text messages, and all emails from the phone memory itself, from any external memory, and/or from the phone service provider.

9. The term "Case" means the above captioned action.

## INSTRUCTIONS

1. Unless otherwise specified, the time period covered by each document request is for all times relevant to Plaintiffs' claims, including from the time of YOUR first acquaintance with co-defendant Trisha A. Aljoe to the present.

2. Each request extends to all responsive DOCUMENTS and ELECTRONICALLY STORED INFORMATION in YOUR possession, custody, or control.

3. These requests require the production of all responsive ELECTRONICALLY STORED INFORMATION that is stored in any and all electronic storage mediums both static and transportable, such as wireless telephone, and PDA memories, and telephone provider records.

4. If YOU do not search certain ELECTRONICALLY STORED INFORMATION sources for any reason, YOU must provide the identity of the ELECTRONICALLY STORED INFORMATION sources YOU did not search and the reasons why YOU did not search these sources.

4. All ELECTRONICALLY STORED INFORMATION shall be translated by YOU into a printed DOCUMENT, and/or other reasonably usable format such as CD or DVD.

5. YOU shall produce all copies of all responsive DOCUMENTS and ELECTRONICALLY STORED INFORMATION without deletions or selective production.

6. If YOU assert any privilege in responding to any request, YOU shall describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent possible short of waiver, all relevant facts contained in the communication for which YOU claim a privilege.

7. To the extent that these Requests duplicate a DOCUMENT or ELECTRONIC INFORMATION YOU previously produced and for which YOU claimed privilege, YOU shall designate the DOCUMENT number, and provide the detailed information for it specified in Instruction No. 7 above.

8. In construing any Request, the singular form of a word shall be interpreted as plural, and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

9. In construing any Request, when ever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

10. Each Request shall be construed independently and not with reference to any other Request for purposes of limitation, unless a Request so specifies.

11. Email documents shall be produced in chronological order without duplication.

12. Photos shall be identified by date, the person taking them, and the reason they were taken, and are to be produced without duplication.

13. Responsive documents shall be clearly identified as to which Request they are responsive.

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

1. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and the City manager and the City Council of the City of Pleasanton.

2. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and the Pleasanton Police Department and any of its agents or employees, including, but not limited to Officer Ryan Tujague.

3. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and the Office of the District Attorney of Alameda County and any of its agents or employees.

4. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and any news media, or its agents or employees, including, but not limited to the Pleasanton Patch.

5. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and the DECON, and Walter Langhammer contractors and any of their agents or employees.

6. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, COMMUNICATED between YOU and G&G Capital LLC, and Bunia Enterprizes, Inc.

7. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO Plaintiffs Government Claim filed with the City of Pleasanton on February 19, 2013, COMMUNICATED between you and any other PERSON.

8. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO this CASE, internally generated by YOU and not COMMUNICATED with any other PERSON.

9. All YOUR DOCUMENTS and ELECTRONIC INFORMATION RELATED to all unprivileged FACTS stated in all the documents for which YOU have claimed privilege.

10. YOUR declaration or affidavit and any other DOCUMENT or ELECTRONIC INFORMATION you have verifying the grounds for each of YOUR claims of privilege and the identity of the person claiming the privilege.

11. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

RELATED TO YOUR meeting with j.(John) Benjamin McGrew "in Walter's office" on or about Oct.5, 2012.

12. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO the 8/8-9/2012, and 8/16/2012 inspections and photos taken of PLAINTIFFS' house.

13. All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO the 5/16/2012, and 6/8/2012 inspections of PLAINTIFFS' house.

12. The "draft report and photos" sent by Wickboldt to Aljoe on Aug. 28, 2012.

12. The "OrangewoodCodeLetter1182012.doc."

13. Copies of "All 47 photos" regarding the "Orangewood Ct. Photos" sent by Wickboldt to George Farrell on or about August 28, 2012.

14. The "photograph showing drywall demo that has taken place," sent by Wickbold to G. Thomas on or about Dec. 12, 2012.

15. Copies of the "citations [that] are being handled differently," referred to in communication by Mellissa Winsby to Walter Wickboldt on Dec. 13, 2012.

16. Unredacted and readable copy of PLST 000778.

17. Copies of "all pictures taken of Orangewood Ct." sent to Aljoe by G. Thomas on Sept. 17, 2013.

18. Copy of "attachments on file and alert" mentioned in Police Call for Service Report. PLST – 000704.

19. All PHONE RECORDS for the dates August 23 – Dec. 31, 2012, for the number 925-998-1230 used by Scott Deaver to call Wickboldt on September 17, 2012.

20. All PHONE RECORDS for all phone numbers used by Wickboldt for the dates Aug 23 – Sept. 18, 2012.

21. All PHONE RECORDS for all phone numbers used by Aljoe for the dates Aug. 23 – Sept. 18, 2012, and Feb. 1 – March 1, 2013.

22. All PHONE RECORDS for all phone numbers used by G. Thomas for the dates Aug. 23 – Sept. 18, 2012.

| | |
|---|---|
| Date: March 2, 2015 | By: .................Deron A. Kartoon................. |

Deron A. Kartoon
Law Offices of Deron A. Kartoon
3 Francis Drake Boulevard
P.O. Box 1403
Ross, CA 94957
Telephone: (415) 786-7737
Fax: (415) 453-3485
Email: deron.kartoon@gmail.com
Attorneys for Plaintiff