# EXHIBIT "T"

1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   KEVIN P. ALLEN, State Bar No. 252290
    kallen@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA 94104
    Telephone:    (415) 697-2000
5   Facsimile:    (415) 813-2045

6   Attorneys for Defendants
    CITY OF PLEASANTON; TRISHA A. ALJOE;
7   JONATHAN P. LOWELL; GEORGE THOMAS; and
    WALTER WICKBOLDT
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  THOMAS ("LEROY") A. SPITZER and        Case No.: CV 13-5442-MEJ
    CRAIG J. SPITZER,
14                                          **DEFENDANT CITY OF PLEASANTON'S**
                   Plaintiffs,              **RESPONSES TO PLAINTIFFS' REQUEST**
15                                          **FOR PRODUCTION OF DOCUMENTS, SET**
          v.                                **THREE; DEFENDANTS JONATHAN**
16                                          **LOWELL, TRISHA ALJOE, GEORGE**
    TRISHA A. ALJOE, et al.,                **THOMAS AND WALTER WICKBOLDT**
17                                          **RESPONSES TO PLAINTIFFS' REQUEST**
                   Defendants.              **FOR PRODUCTION OF DOCUMENTS, SET**
18                                          **TWO**

19  PROPOUNDING PARTY:        Plaintiffs    THOMAS A. SPITZER and CRAIG J.

20                                          SPITZER

21  RESPONDING PARTY:         Defendant     CITY OF PLEASANTON, JONATHAN

22                            LOWELL, TRISHA ALJOE, GEORGE THOMAS AND

23                            WALTER WICKBOLDT

24  SET NO.:                  TWO/THREE (DEPENDING ON THE DEFENDANT)

25      **TO:    PLAINTIFFS THOMAS A. SPITZER AND CRAIG J. SPITZER AND TO**

26  **THEIR ATTORNEY OF RECORD:**

27      Pursuant to *Federal Rule of Civil Procedure* 34, Defendants, CITY OF PLEASANTON,

28  JONATHAN LOWELL, TRISHA ALJOE, GEORGE THOMAS, and WALTER WICKBOLDT

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

44698.1

1 │ respond to Plaintiffs, THOMAS A. SPITZER and CRAIG J. SPITZER'S Requests for Production

2 │ of Documents (Set Two/Set Three).

3 │ ### GENERAL OBJECTIONS AND CONDITIONS

4 │ 1.     The documents produced are solely for the purpose of this action, and not for the

5 │ purpose of any other action, including any other action pending between some or all of the

6 │ parties.  Each document is subject to all obligations as to confidence, relevance, materiality,

7 │ privilege and admissibility, and any and all other objections and grounds which would require the

8 │ exclusion of any document produced in Court, all objections and grounds of which are reserved

9 │ and may be interposed at the time of trial.

10 │ 2.     No incidental or implied admissions are intended by the production of these

11 │ documents.  The fact that Defendant has produced any given document should not be taken as an

12 │ admission that Defendant accepts or admits the existence of any facts or that such documents

13 │ constitute admissible evidence.  The fact that Defendant produces any document hereunder is not

14 │ intended, and shall not be construed to be, a waiver by Defendant of all, or any part, of any

15 │ objection to the Request for Production of Documents on file herein.

16 │ 3.     Defendant has not completed its investigation of the facts relating to this case, has

17 │ not completed its discovery in this action, and has not completed its preparation for trial.

18 │ Defendant has made a reasonable search of its records and the documents produced are produced

19 │ with the intention that they are produced without prejudice to Defendant's right to voluntarily

20 │ provide subsequently discovered, unobjectionable documents.

21 │ 4.     Be advised that all responses hereto and all documents to be produced in

22 │ accordance with the document request are without prejudice to Defendant's right to obtain,

23 │ produce or use at trial any document not currently in Defendant's possession, but subsequently

24 │ obtained from any other source.

25 │ 5.     In addition to any specific objections which may be made on an individual basis in

26 │ the separate responses set forth below, Defendant objects generally to each request to the extent

27 │ that it seeks documents subject to and protected by the attorney-client privilege, the attorney

28 │ work-product doctrine, the privilege to refuse to disclose trade secrets, or any other applicable

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1  privilege or protection. Nothing contained herein is intended to be or should be construed as a

2  waiver of the attorney-client privilege or protection.

3      6.     In addition to any specific objections which may be made on an individual basis in

4  the separate responses set forth below, Defendant objects generally to each request to the extent it

5  seeks to elicit documents subject to and protected by the constitutional right to privacy.

6      7.     These responses are made solely for the purpose of this action. Each response is

7  made subject to and without waiving all objections to competence, authenticity, relevance,

8  materiality, propriety, admissibility and any and all other objections and grounds which would or

9  could require or permit the exclusion of any document or statement therein from evidence, all of

10 which objections and grounds are reserved or may be interposed in further proceedings and at the

11 time of trial.

12     8.     Any statement made herein of an intent to produce documents is not, and shall not

13 be deemed, an admission of any factual or legal contention contained in any request. Defendant

14 objects to each request to the extent that it contains any statements which are factually or legally

15 incorrect or inaccurate.

16     9.     Defendant objects to each request and instruction to the extent that it seeks the

17 production of documents that are neither relevant to the subject matter of this action nor are

18 reasonably calculated to lead to the discovery of admissible evidence.

19     10.    Defendant objects to each request and instruction to the extent that it purports to

20 impose obligations on Defendant in excess of or different from those imposed by the Federal

21 Rules of Civil Procedure and other applicable law or rules.

22     11.    Defendant objects to each request and instruction to the extent it seeks documents

23 that are (a) publicly available to Plaintiffs and Plaintiffs' counsel; (b) already in Plaintiffs

24 possession, custody or control; (c) in Defendant's possession only because produced by another

25 party in this litigation; or (d) not within Defendant's possession, custody or control.

26     12.    Defendant objects to each request and instruction to the extent that it contains

27 terms which are undefined, vague and ambiguous.

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1      13.    By producing the documents herein, Defendant is not giving its permission that the

2  documents produced may be used for any purpose, other than for use in this litigation.

3                    **RESPONSES TO REQUESTS FOR PRODUCTION**

4  **REQUEST FOR PRODUCTION 1:**

5      All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

6  RELATED TO this CASE, COMMUNICATED between YOU and the City manager and the

7  City Council of the City of Pleasanton.

8  **RESPONSE TO REQUEST FOR PRODUCTION 1:**

9      Lowell

10     Jonathan Lowell objects on grounds of attorney-client privilege and/or attorney work-

11  product doctrine. Lowell was (and is) the Pleasanton City Attorney. Any responsive documents

12  possessed by him necessarily relate to his capacity and duties as City Attorney, including but not

13  limited to: hiring decisions, oversight of attorneys, review of litigation, legal advice, and

14  strategy/tactics on litigation. Such documents are protected and not subject to discovery. The only

15  responsive documents are periodic "Litigation Updates" prepared for the City Council. The

16  updates apprise the City Council of ongoing City litigation.

17     Aljoe

18     Trisha Aloe does not possess any documents responsive to this Request.

19     Wickboldt

20     Walter Wickboldt does not possess any documents responsive to this Request.

21     Thomas

22     George Thomas does not possess any documents responsive to this Request.

23     Pleasanton

24     Not applicable. This Request is directed at an individual defendant, who is capable of

25  communicating to the City Manager and/or City Council. As a "thing" as opposed to a "person,"

26  the City of Pleasanton is incapable of communicating to such person(s). To the extent Plaintiffs

27  inquire as to any documents from City employee(s), City of Pleasanton objects on attorney-client

28  privilege grounds. Communications relating to ongoing legal matters are privileged and not

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

                                                        4                          RESPONSE TO RPD #2-3
                                                                                   CV 13-5442-MEJ

1   subject to discovery. To Defendant's knowledge, the only responsive documents are

2   periodic "Litigation Updates" prepared for the City Council. The updates apprise the City Council

3   of ongoing City litigation.

4   **REQUEST FOR PRODUCTION 2:**

5        All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED

6   TO this CASE, COMMUNICATED between YOU and the Pleasanton Police Department and any of

7   its agents or employees, including, but not limited to Officer Ryan Tujague.

8   **RESPONSE TO REQUEST FOR PRODUCTION 2:**

9        Lowell

10       Jonathan Lowell objects this Request is asked-and-answered. Request B27 from Request

11  for Production of Documents, Set One, to Lowell requested in pertinent part: "All your meetings

12  and communications … with the Pleasanton Police Department and its personnel … including but

13  not limited to the dates and subject matter of the meetings and communications." Lowell served

14  his response to that Request on December 22, 2014. Lowell further objects on grounds of

15  attorney-client privilege and/or attorney work-product doctrine. Lowell was (and is) the

16  Pleasanton City Attorney. Any responsive documents possessed by him necessarily relate to his

17  capacity and duties as City Attorney, including but not limited to: hiring decisions, oversight of

18  attorneys, review of litigation, legal advice, and strategy/tactics on litigation. Such documents are

19  protected and not subject to discovery.

20       Aljoe

21       Trisha Aljoe objects this Request is asked-and-answered. Request B27 from Request for

22  Production of Documents, Set One, to Aljoe requested in pertinent part: "All your meetings and

23  communications … with the Pleasanton Police Department and its personnel … including but not

24  limited to the dates and subject matter of the meetings and communications." Aljoe served her

25  response to that Request on December 22, 2014. Aljoe further objects on grounds of attorney-

26  client privilege and/or attorney work-product doctrine. Aljoe was (and is) the Special Counsel

27  hired for the City of Pleasanton. Any responsive documents possessed by her necessarily relate to

28  his capacity and duties as Special Counsel, including but not limited to: review of litigation, legal

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1    advice, and strategy/tactics on litigation. Such documents are protected and not subject to

2    discovery.

3            Wickboldt

4            Wickboldt objects this Request is asked-and-answered. Request A27 from Request for

5    Production of Documents, Set One, to Wickboldt requested in pertinent part: "All your meetings

6    and communications ... with the Pleasanton Police Department and its personnel ... including but

7    not limited to the dates and subject matter of the meetings and communications." Wickboldt

8    served his response to that Request on December 22, 2014.

9            Thomas

10           Thomas objects this Request is asked-and-answered. Request A27 from Request for

11   Production of Documents, Set One, to Thomas requested in pertinent part: "All your meetings

12   and communications ... with the Pleasanton Police Department and its personnel ... including but

13   not limited to the dates and subject matter of the meetings and communications." Thomas served

14   his response to that Request on December 22, 2014.

15           Pleasanton

16           Not applicable. This Request is directed at an individual defendant, who is capable of

17   communicating to the members of the Pleasanton Police Department. As a "thing" as opposed to

18   a "person," the City of Pleasanton is incapable of communicating to such person(s). To the extent

19   Plaintiffs inquire as to any documents from City employee(s), City of Pleasanton objects this

20   Request is asked-and-answered. Request E27 from Request for Production of Documents, Set

21   One, to City of Pleasanton requested in pertinent part: "All your meetings and communications ...

22   with the Pleasanton Police Department and its personnel ... including but not limited to the dates

23   and subject matter of the meetings and communications." City of Pleasanton served its response

24   to that Request on December 22, 2014. The preamble to Plaintiffs' Request E27 stated, in full:

25   "All documents, note, reports, notes, information and communications; in writing or stored by

26   electronic means; in the custody of or control of the City of Pleasanton; concerning, and/or

27   related to the acts, and activities of your agents, employees, City officials, and consultant and

28   contractor, including but not limited to Defendants Aljoe, Lowell, Thomas, and Wickboldt;

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1  concerning and/or related to Plaintiff Thomas and Craig Spitzer and their house and personal

2  property located at 4719 Orangewood Court, including but not limited to the following subject

3  matter:"

4  **REQUEST FOR PRODUCTION 3:**

5      All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

6  RELATED TO this CASE, COMMUNICATED between YOU and the Office of the District

7  Attorney of Alameda County and any of its agents or employees.

8  **RESPONSE TO REQUEST FOR PRODUCTION 3:**

9      Lowell

10     Jonathan Lowell does not possess any documents responsive to this Request.

11     Aljoe

12     Trisha Aljoe does not possess any documents responsive to this Request.

13     Wickboldt

14     Walter Wickboldt does not possess any documents responsive to this Request.

15     Thomas

16     George Thomas does not possess any documents responsive to this Request.

17     Pleasanton

18     Not applicable. This Request is directed at an individual defendant, who is capable of

19  communicating to the members of the Pleasanton Police Department. As a "thing" as opposed to

20  a "person," the City of Pleasanton is incapable of communicating to such person(s). To the extent

21  Plaintiffs inquires as to any documents from City employee(s), City of Pleasanton responds as

22  follows: to its knowledge, it does not possess any documents responsive to this Request.

23  **REQUEST FOR PRODUCTION 4:**

24     All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

25  RELATED TO this CASE, COMMUNICATED between YOU and any news media, or its agents

26  or employees, including, but not limited to the Pleasanton Patch.

27  **RESPONSE TO REQUEST FOR PRODUCTION 4:**

28     Please see "PLST-000746-000747," previously produced. The City Attorney's Office did

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44698.1

1   release a statement to the media; Defendants are reviewing their records to see if a copy of the

2   statement still exists. If so, it will be produced.

3   **REQUEST FOR PRODUCTION 5:**

4       All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

5   RELATED TO this CASE, COMMUNICATED between YOU and the DECON, and Walter

6   Langhammer contractors and any of their agents or employees.

7   **RESPONSE TO REQUEST FOR PRODUCTION 5:**

8       All defendants object Request No. 5 is compound. Nominally titled as one request, it text

9   demonstrates two requests: one relating to DECON; a second relating to Walter Langhammer.

10      <u>Lowell</u>

11      Jonathan Lowell does not possess any documents responsive to this Request.

12      <u>Aljoe</u>

13      Please see "PLST-000402-419" and "PLST-000421-426," "PLST-000429-431," "PLST-

14  000451-459," "PLST-000462-465," "PLST-000467-469," "PLST-000478-480," "PLST-000486-

15  494," "PLST-000497-500," "PLST-000502-504," "PLST-000513-520," "PLST-000527-534,"

16  "PLST-000537-540," and "PLST-000560-561," previously produced.

17      <u>Wickboldt</u>

18      Please see "PLST-000402-419" and "PLST-000421-426," "PLST-000429-431," "PLST-

19  000451-459," "PLST-000462-465," "PLST-000467-469," "PLST-000478-480," "PLST-000486-

20  494," "PLST-000497-500," "PLST-000502-504," "PLST-000513-520," "PLST-000527-534,"

21  "PLST-000537-540," and "PLST-000560-561," previously produced.

22      <u>Thomas</u>

23      George Thomas does not possess any documents responsive to this Request.

24      <u>Pleasanton</u>

25      Not-applicable. This Request is directed at an individual defendant, who is capable of

26  communicating to DECON and/or Walter Langhammer. As a "thing" as opposed to a "person,"

27  the City of Pleasanton is incapable of communicating to them. To the extent Plaintiffs inquire as

28  to any documents from City employee(s), please see "PLST-000402-419" and "PLST-000421-

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1     426," "PLST-000429-431," "PLST-000451-459," "PLST-000462-465," "PLST-000467-469,"

2     "PLST-000478-480," "PLST-000486-494," "PLST-000497-500," "PLST-000502-504," "PLST-

3     000513-520," "PLST-000527-534," "PLST-000537-540," and "PLST-000560-561," previously

4     produced.

5     **REQUEST FOR PRODUCTION 6:**

6     All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

7     RELATED TO this CASE, COMMUNICATED between YOU and G&G Capital LLC, and

8     Bunia Enterprizes, Inc.

9     **RESPONSE TO REQUEST FOR PRODUCTION 6:**

10     All defendants object Request No. 6 is compound. Nominally titled as one request, it text

11     demonstrates two requests: one relating to G & G Capital, LLC; a second relating

12     Bunia Enterprises, Inc.

13     Lowell

14     With respect to G & G Capital, LLC, Lowell does not possess any documents responsive

15     to this Request. With respect to Bunia Enterprizes, Inc., Lowell does not possess any documents

16     responsive to this Request.

17     Aljoe

18     With respect to G & G Capital, LLC, Aljoe does not possess any documents responsive to

19     this Request. With respect to Bunia Enterprizes, Inc., Aljoe does not possess any documents

20     responsive to this Request.

21     Wickboldt

22     With respect to G & G Capital, LLC, Wickboldt does not possess any documents

23     responsive to this Request. With respect to Bunia Enterprizes, Inc., Wickboldt does not possess

24     any documents responsive to this Request.

25     Thomas

26     With respect to G & G Capital, LLC, Thomas does not possess any documents responsive

27     to this Request. With respect to Bunia Enterprizes, Inc., Thomas does not possess any documents

28     responsive to this Request.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44698.1

Pleasanton

Not applicable. This Request is directed at an individual defendant, who is capable of communicating to G & G Capital and/or Bunia Enterprises, Inc. As a "thing" as opposed to a "person," the City of Pleasanton is incapable of communicating to them. To the extent Plaintiffs inquire as to any documents from City employee(s), City of Pleasanton responds as follows: to its knowledge, it does not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION 7:**

All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED TO Plaintiffs Government Claim filed with the City of Pleasanton on February 19, 2013, COMMUNICATED between you and any other PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

Lowell

Jonathan Lowell objects this Request is asked-and-answered. Request A6 from Request for Production of Documents, Set One, to Lowell requested, in full: "Plaintiffs' Thomas and Craig Spitzer's Government Claim filed with the City on February 19, 2013, and your acts and response to it." Lowell served his response to that Request on December 22, 2014. Lowell further objects on grounds of attorney-client privilege and/or attorney work-product doctrine. Lowell was (and is) the Pleasanton City Attorney. Any responsive documents possessed by him necessarily relate to his capacity and duties as City Attorney, including but not limited to: hiring decisions, oversight of attorneys, review of litigation, legal advice, and strategy/tactics on litigation. Such documents are protected and not subject to discovery. Subject to and without waiving these objections, Defendant responds as follows: please see "PLST 000576-000617," previously produced.

Aljoe

Trisha Aljoe does not possess any documents responsive to this Request.

Wickboldt

Walter Wickbolt does not possess any documents responsive to this Request.

/ / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    Thomas

2    George Thomas does not possess any documents responsive to this Request.

3    Pleasanton

4    Not applicable. This Request is directed at an individual defendant, who is capable of

5    communication relating to the Spitzer's Government Code claim. As a "thing" as opposed to a

6    "person," the City of Pleasanton is incapable of communicating to them. To the extent Plaintiffs

7    inquire as to any documents from City employee(s), City of Pleasanton objects this Request is

8    asked-and-answered. Request F from Request for Production of Documents, Set One, to City of

9    Pleasanton requested in, full: "All documents, reports of investigations, notes, information, and

10   communications in writing and/or electronic means in the custody or control of the City of

11   Pleasanton concerning and/or related to Plaintiffs Thomas and Craig Spitzer's Government Claim

12   filed with the City on Feb. 19, 2013, including but not limited to the City's and its officials, and

13   Defendants Aljoe's, Lowell's, Thomas', and Wickboldt's acts and responses related to it."

14   Defendant further objects on grounds of attorney-client privilege and work-product doctrine.

15   Subject to and without waiving these objections, Defendant responds as follows: please see

16   "PLST 000576-000617," previously produced.

17   **REQUEST FOR PRODUCTION 8:**

18   All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

19   RELATED TO this CASE, internally generated by YOU and not COMMUNICATED with any

20   other PERSON.

21   **RESPONSE TO REQUEST FOR PRODUCTION 8:**

22   All defendants object Request No. 9 is vague and ambiguous as to the phrase "internally

23   generated … and not communicated with any other PERSON," which is undefined.

24   Lowell

25   To the extent Mr. Lowell possesses any such responsive documents, they would reflect his

26   thoughts and impressions on the City's administrative code enforcement action and the state-court

27   abatement action regarding the Spitzer property. By its request for internally-generated, non-

28   shared content, Plaintiffs' Request necessarily seeks Mr. Lowell's attorney work-product relating

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

11

44698.1

1    to this litigation. Defendants object on grounds of attorney work-product doctrine. Mr. Lowell

2    was (and is) the City Attorney for the City of Pleasanton.

3        Aljoe

4        To the extent Ms. Aljoe possesses any such responsive documents, they would reflect her

5    thoughts and impressions on the City's administrative code enforcement action and the state-court

6    abatement action regarding the Spitzer property. By its request for internally-generated, non-

7    shared content, Plaintiffs' Request necessarily seeks Ms. Aljoe's attorney work-product relating

8    to this litigation. Defendants object on grounds of attorney work-product doctrine. Ms. Aljoe was

9    (and is) the Special Counsel for the City of Pleasanton relating to the Spitzer property.

10       Wickboldt

11       Please see "PLST-000653-667," previously-produced.

12       Thomas

13       George Thomas does not possess any documents responsive to this Request.

14       Pleasanton

15       Not-applicable. This Request is directed at an individual defendant, who is capable of

16   generating the undefined internal document. As a "thing" as opposed to a "person," the City of

17   Pleasanton is incapable of doing so. To the extent Plaintiffs inquires as to any documents from

18   City employee(s), City of Pleasanton responds as follows:  by its request for internally-generated,

19   non-shared content, Plaintiffs' Request necessarily seeks the City's attorneys' work-product

20   relating to this litigation. Defendants object on grounds of attorney work-product doctrine.

21   **REQUEST FOR PRODUCTION 9:**

22       All YOUR DOCUMENTS and ELECTRONIC INFORMATION RELATED to all

23   unprivileged FACTS stated in all the documents for which YOU have claimed privilege.

24   **RESPONSE TO REQUEST FOR PRODUCTION 9:**

25       Defendants object this Request violates the Court's Standing Order on Discovery. To the

26   extent Plaintiffs take issue with Defendants' privilege log and assertions of privilege, the remedy

27   is stated in the Court's Standing Order. The remedy is not further discovery seeking to ascertain

28   the contents of the privileged communications. Moreover, Plaintiff's Request No. 9 is also

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

12

44698.1

1  duplicative. Defendants previously provided unprivileged emails contained within chains of

2  privileged emails. See letters to Plaintiff dated January 9, 2015.

3  **REQUEST FOR PRODUCTION 10:**

4       YOUR declaration or affidavit and any other DOCUMENT or ELECTRONIC

5  INFORMATION you have verifying the grounds for each of YOUR claims of privilege and the

6  identity of the person claiming the privilege.

7  **RESPONSE TO REQUEST FOR PRODUCTION 10:**

8       Defendants object this Request violates the Court's Standing Order on Discovery. To the

9  extent Plaintiffs take issue with Defendants' privilege log and assertions of privilege, the remedy

10  is stated in the Court's Standing Order. Moreover, the Request seeks a document that is not

11  required under the FRCP or Local Rules for the Northern District of California. FRCP

12  34(b)(2)(B) states that: "[f]or each item or category, the response must either state that inspection

13  and related activities will be permitted as requested or state an objection to the request, including

14  the reasons." N.D. Local Rule 34-1 states: "[a] response to a request for production or inspection

15  made pursuant to Fed. R. Civ. P. 34(a) must set forth each request in full before each response or

16  objection." Neither requires a declaration or affidavit verifying the grounds for each assertion of

17  privilege. FRCP 26(b)(5)(A) states: "[w]hen a party withholds information otherwise

18  discoverable by claiming that the information is privileged or subject to protection as trial-

19  preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of

20  the documents, communications, or tangible things not produced or disclosed—and do so in a

21  manner that, without revealing information itself privileged or protected, will enable other parties

22  to assess the claim." Defendants have satisfied the requirements of both FRCP 34(b)(2)(B)  and

23  26(b)(5)(A), through their objections in their prior responses and through production of a

24  privilege log. Moreover, Plaintiffs' Request No. 10 is also duplicative. Defendants' prior

25  responses did identify the person asserting the privilege -- each defendant served individual

26  responses to Plaintiffs' Requests. The responses were verified.

27  **REQUEST FOR PRODUCTION 11:**

28       All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

13

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1  RELATED TO YOUR meeting with J. (John) Benjamin McGrew "in Walter's office" on or

2  about Oct. 5, 2012.

3  **RESPONSE TO REQUEST FOR PRODUCTION 11:**

4      Lowell

5      Jonathan Lowell objects the Request is asked-and-answered. Request B26 states, in full:

6  "[a]ll your meetings and communications with receiver J. Benjamin McGrew both before

7  and after he was appointed, including but not limited to the dates and subject matter of the

8  meetings and communications." Mr. Lowell served his response on December 22, 2014.  Subject

9  to and without waiving this objection, Mr. Lowell does not possess any documents responsive to

10  this Request.

11      Aljoe

12      Trisha Aljoe objects the Request is asked-and-answered. Request B26 states, in full: "[a]ll

13  your meetings and communications with receiver J. Benjamin McGrew both before

14  and after he was appointed, including but not limited to the dates and subject matter of the

15  meetings and communications." Ms. Aljoe served her response on December 22, 2014.  Subject

16  to and without waiving this objection, Ms. Aljoe does not possess any documents responsive to

17  this Request.

18      Wickboldt

19      Walter Wickboldt objects the Request is asked-and-answered. Request A26 states, in full:

20  "[a]ll your meetings and communications with receiver J. Benjamin McGrew both before

21  and after he was appointed, including but not limited to the dates and subject matter of the

22  meetings and communications." Mr. Wickboldt served his response on December 22, 2014.

23  Subject to and without waiving this objection, Mr. Wickboldt responds as follows: please see

24  "PLST-000757-000759," previously produced.

25      Thomas

26      George Thomas objects the Request is asked-and-answered. Request A26 states, in full:

27  "[a]ll your meetings and communications with receiver J. Benjamin McGrew both before

28  and after he was appointed, including but not limited to the dates and subject matter of the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

14

44698.1

1  meetings and communications." Mr. Thomas served his response on December 22, 2014.  Subject

2  to and without waiving this objection, Mr. Thomas responds as follows: please see "PLST-

3  000757-000759," previously produced.

4      Pleasanton

5      City of Pleasanton objects the Request is asked-and-answered. Request E26 states, in full:

6  Defendants Aljoe's, Lowell's, Thomas', Wickboldt's and any of the Defendant City of

7  Pleasanton's other agent's, employee's, or official's meetings and communications with receiver

8  J. Benjamin McGrew both before and after he was appointed, including but not limited to the

9  dates and subject matter of the meetings and communications." The City served its response on

10  December 22, 2014.  Subject to and without waiving this objection, the City responds as follows:

11  please see "PLST-000757-000759," previously produced.

12  **REQUEST FOR PRODUCTION 12:**

13      All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

14  RELATED TO the 8/8-9/2012, and 8/16/2012 inspections and photos taken of PLAINTIFFS'

15  house.

16  **RESPONSE TO REQUEST FOR PRODUCTION 12:**

17      Defendants reiterate their attorney-client privilege and work-product doctrine objections.

18  Please see Defendants' submitted privilege log. Please also see "PLST001126-1141," attached.

19  **REQUEST FOR PRODUCTION 13:**

20      All YOUR DOCUMENTS and ELECTRONICALLY STORED INFORMATION

21  RELATED TO the 5/16/2012, and 6/8/2012 inspections of PLAINTIFFS' house.

22  **RESPONSE TO REQUEST FOR PRODUCTION 13:**

23      Defendants reiterate their attorney-client privilege and work-product doctrine objections.

24  Defendants are unaware of an inspection on 5/16/2012 or 6/8/2012. Defendants are aware of a

25  red-tag posted on 6/8/2012. Please see "PLST001142-1144," attached.

26  **REQUEST FOR PRODUCTION 14 (erroneously labeled Request  No. 12):**

27      The "draft report and photos" sent by Wickboldt to Aljoe on Aug. 28, 2012.

28  **RESPONSE TO REQUEST FOR PRODUCTION 14:**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1    Please see "PLST001036-1086," attached.

2    **REQUEST FOR PRODUCTION 15 (erroneously labeled Request No. 12):**

3    The "OrangewoodCodeLetter1182012.doc."

4    **RESPONSE TO REQUEST FOR PRODUCTION 15:**

5    Please see "PLST1007-1010," previously produced.

6    **REQUEST FOR PRODUCTION 16 (erroneously labeled Request No. 13):**

7    Copies of "All 47 photos" regarding the "Orangewood Ct. Photos" sent by Wickboldt to

8    George Farrell on or about August 28, 2012.

9    **RESPONSE TO REQUEST FOR PRODUCTION 16:**

10    Please see "PLST001040-1086," attached.

11    **REQUEST FOR PRODUCTION 17 (erroneously labeled Request No. 14):**

12    The "photograph showing drywall demo that has taken place," sent by Wickboldt to

13    G. Thomas on or about Dec. 12, 2012.

14    **RESPONSE TO REQUEST FOR PRODUCTION 17:**

15    Please see "PLST001087," attached.

16    **REQUEST FOR PRODUCTION 18 (erroneously labeled Request No. 15):**

17    Copies of the "citations [that] are being handled differently," referred to m

18    communication by Mellissa Winsby to Walter Wickboldt on Dec. 13, 2012.

19    **RESPONSE TO REQUEST FOR PRODUCTION 18:**

20    Please see "PLST1020-1025" and "PLST1028-1031, previously produced.

21    **REQUEST FOR PRODUCTION 19 (erroneously labeled Request No. 16):**

22    Unredacted and readable copy of PLST 000778.

23    **RESPONSE TO REQUEST FOR PRODUCTION 19:**

24    Defendants previously objected to producing an unredacted copy of "PLST000778" on

25    privacy grounds. The redacted portions of the spreadsheet concern other persons and other

26    matters. Defendants reiterate that objection here.

27    With respect to a readable copy of the unredacted portions, "PLST 000778" is the best

28    copy Defendants possess. "Zooming-in" on the PDF version of the document is beneficial in

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

16

44698.1

1   viewing the document.

2   **REQUEST FOR PRODUCTION 20 (erroneously labeled Request No. 17):**

3       Copies of "all pictures taken of Orangewood Ct." sent to Aljoe by G. Thomas on

4   Sept. 17, 2013.

5   **RESPONSE TO REQUEST FOR PRODUCTION 20**

6       Please see "PLST-000682-687," previously produced. Please also see "PLST001088-

7   1125," attached.

8   **REQUEST FOR PRODUCTION 21 (erroneously labeled Request No. 18):**

9       Copy of "attachments on file and alert" mentioned in Police Call for Service Report.

10  PLST-000704.

11  **RESPONSE TO REQUEST FOR PRODUCTION 21:**

12      Investigation and discovery are continuing. If responsive documents exist, they will be

13  produced.

14  **REQUEST FOR PRODUCTION 22 (erroneously labeled Request No. 19):**

15      All PHONE RECORDS for the dates August 23-Dec. 31, 2012, for the number

16  925-998-1230 used by Scott Deaver to call Wickboldt on September 17, 2012.

17  **RESPONSE TO REQUEST FOR PRODUCTION 22:**

18          Lowell

19      Jonathan Lowell does not possess any documents responsive to this Request.

20          Aljoe

21      Trisha Aljoe does not possess any documents responsive to this Request.

22          Wickboldt

23      Walter Wickboldt does not possess any documents responsive to this Request.

24          Thomas

25      George Thomas does not possess any documents responsive to this Request.

26          Pleasanton

27      City of Pleasanton objects on grounds of privacy. Mr. Deaver is not a party to this action.

28  Pleasanton further objects the Request is overbroad. While the Request references a particular

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1   phone call made from a particular phone number on September 17th, the Request seeks records

2   for a much broader period (August 23, 2012-December 31, 2012). Alleged phone records from

3   one month before the phone call and 3 months afterwards have nothing to do with any alleged

4   phone call on September 17th.

5   **REQUEST FOR PRODUCTION 23 (erroneously labeled Request  No. 20):**

6           All PHONE RECORDS for all phone numbers used by Wickboldt for the dates Aug

7   23-Sept. 18, 2012.

8   **RESPONSE TO REQUEST FOR PRODUCTION 23:**

9           Defendants object the Request is overbroad as time (nearly 1 month) and to scope (all

10  numbers). Defendants further object on ground of privacy. The Request inquiries into personal

11  phone records (not just work-related phone records). The Request also inquiries into all work-

12  related phone records (not just work-related records relating to this incident). The Request also

13  implicates the attorney-client privilege and attorney work-product: Plaintiffs' definition of

14  "PHONE RECORDS" includes texts message and emails from phone memory, both of which

15  would be privileged communications. Disclosure of call logs would also potentially reveal the

16  duration and frequency, if any, that counsel communicated with clients about the Spitzer

17  litigation. Subject to and without waiving these objections, Defendants respond as follows:

18  Defendants agree to meet-and-confer on this Request.

19  **REQUEST FOR PRODUCTION 24 (erroneously labeled Request  No. 21):**

20          All PHONE RECORDS for all phone numbers used by Aljoe for the dates Aug. 23 -

21  Sept. 18, 2012, and Feb. 1-March 1, 2013.

22  **RESPONSE TO REQUEST FOR PRODUCTION 24:**

23          Defendants object the Request is overbroad as time (2 months) and to scope (all numbers).

24  Defendants further object on ground of privacy. The Request inquiries into personal phone

25  records (not just work-related phone records). The Request also inquiries into all work-related

26  phone records (not just work-related records relating to this incident). The Request also

27  implicates the attorney-client privilege and attorney work-product: Plaintiffs' definition of

28  "PHONE RECORDS" includes texts message and emails from phone memory, both of which

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

18

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

44698.1

1   would be privileged communications. Disclosure of call logs would also potentially reveal the

2   duration and frequency, if any, that counsel communicated with clients about the Spitzer

3   litigation. Subject to and without waiving these objections, Defendants respond as follows:

4   Defendants agree to meet-and-confer on this Request.

5   **REQUEST FOR PRODUCTION 25 (erroneously labeled Request No. 22):**

6        All PHONE RECORDS for all phone numbers used by G. Thomas for the dates

7   Aug. 23- Sept. 18, 2012.

8   **RESPONSE TO REQUEST FOR PRODUCTION 25:**

9        Defendants object the Request is overbroad as time (nearly 1 month) and to scope (all

10   numbers). Defendants further object on ground of privacy. The Request inquiries into personal

11   phone records (not just work-related phone records). The Request also inquiries into all work-

12   related phone records (not just work-related records relating to this incident). The Request also

13   implicates the attorney-client privilege and attorney work-product: Plaintiffs' definition of

14   "PHONE RECORDS" includes texts message and emails from phone memory, both of which

15   would be privileged communications. Disclosure of call logs would also potentially reveal the

16   duration and frequency, if any, that counsel communicated with clients about the Spitzer

17   litigation. Subject to and without waiving these objections, Defendants respond as follows:

18   Defendants agree to meet-and-confer on this Request.

19

20                                        Respectfully submitted,

21   Dated: April 1, 2015                  ALLEN, GLAESSNER,
                                           HAZELWOOD & WERTH, LLP
22

23                                    By: _____

24                                        DALE L. ALLEN, JR.
                                          KEVIN P. ALLEN
25                                        Attorneys for Defendants
                                          CITY OF PLEASANTON; TRISHA A.
26                                        ALJOE; JONATHAN P. LOWELL; GEORGE
                                          THOMAS; and WALTER WICKBOLDT
27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44698.1

1    I am a resident of the State of California, over 18 years of age and not a party to the

2  within action. I am employed in the County of San Francisco; my business address is: 180

3  Montgomery Street, Suite 1200, San Francisco, California 94104. On April 1, 2015, I served the

4  within: **DEFENDANT CITY OF PLEASANTON'S RESPONSES TO PLAINTIFFS'**

5  **REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE; DEFENDANTS**

6  **JONATHAN LOWELL, TRISHA ALJOE, GEORGE THOMAS AND WALTER**

7  **WICKBOLDT RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF**

8  **DOCUMENTS, SET TWO** on all parties in this action, as addressed below, by causing a true

9  copy thereof to be distributed as follows:

10   SEE ATTACHED SERVICE LIST

11

12  ☒   **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to
     the persons at the addresses listed above and placed the envelope/package for collection and mailing,
13   following our ordinary business practices. I am readily familiar with this business's practice for
     collecting and processing documents for mailing. On the same day that the document is placed for
14   collection and mailing, it is deposited in the ordinary course of business with the United States Postal
     Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served,
15   service is presumed invalid if postal cancellation date or postage meter date is more than one day after
     the date of deposit for mailing an affidavit.
16

17   I am a resident or employed in the county where the mailing occurred. The envelope or package was
     placed in the mail at San Francisco, California.

18  ☒   **_(FEDERAL)_** I declare under the laws of the United States of America that I am
     employed in the office of a member of the Bar of this court at whose direction the
19   service was made and that the foregoing is true and correct.

20   Executed on April 1, 2015, at San Francisco, California.

21

22                                Danielle Costes
                              _____
23                                Danielle Costes

24

25

26

27

28

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44698.1

1

**SERVICE LIST**

2

3   Deron A. Kartoon                              Attorneys for Plaintiffs
    Law Offices of Deron A. Kartoon              Telephone:  (415) 453-3495
4   3 Sir Francis Drake Boulevard                Facsimile:  (415) 453-3485
    P.O. Box 1403                                E-Mail:  deron.kartoon@gmail.com
5   Ross, CA 94957

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO RPD #2-3
CV 13-5442-MEJ

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44698.1

