UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SPITZER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TRISHA A. ALJOE, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-05442-MEJ<br><br>**ORDER RE REQUESTS FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 171, 174-75, 177, 179-81 |

## INTRODUCTION

Pending before the Court are several requests for judicial notice filed by Plaintiffs Thomas "Leroy" Spitzer and Craig J. Spitzer ("Plaintiffs"). *See* Dkt. Nos. 171, 174-75, 177, 179. Many of the requests relate to their Motion for Leave to File a Fourth Amended Complaint, which seeks to bring a previously dismissed named Defendant, J. Benjamin McGrew, back into this action. McGrew objected to Plaintiffs' requests for judicial notice as untimely and otherwise as incompetent, irrelevant, and immaterial to any disputed issue in this matter. Objs., Dkt. No. 181. Additionally, McGrew points out that Plaintiffs' requests seek to tender documents through the declaration of a person named Tom Jensen, who apparently works in some sort of assistive capacity for Plaintiffs' counsel, but Jensen fails to establish personal knowledge sufficient to adequately authenticate any of the documents attached to Plaintiffs' various requests; thus, McGrew objects to the requests and attached documents on that ground as well. *Id.* All requests relate to McGrew's alleged misconduct while acting as the receiver for Plaintiffs' property. The Court now considers whether to grant those requests.

## LEGAL STANDARD

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that

is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Nor may a court take judicial notice of any matter that is in dispute. *Id.* at 689-90; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."); *see, e.g.*, *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (taking notice of docket sheet, proceedings in another habeas case, and state bar records showing disciplinary proceedings against former counsel in deciding if prisoner was entitled to equitable tolling of statute of limitations); *but see Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice is inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

"[J]udicial notice can be taken at any stage of a proceeding." *Metro. Bus. Mgmt., Inc. v. Allstate Ins. Co.*, 2009 WL 2424291, at *3 (C.D. Cal. Aug. 6, 2009), *aff'd*, 448 F. App'x 677 (9th Cir. 2011) (citations omitted); *see* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

## DISCUSSION

**A.    Documents in Dkt. No. 171 and 175**

### 1.    Documents from *Eaton v. Parkway Gardens*

Plaintiffs ask the Court to take judicial notice of three filed documents from the case of *Eaton v. Parkway Gardens*, Case No. FCS041456, Solano County Superior Court: (1) an Order to Show Cause, issued to McGrew, filed December 10, 2015; (2) a Minute Order, dated December 21, 2015, continuing hearing on Order to Show Cause to allow McGrew to appear with his attorneys; and (3) a Minute Order dated January 25, 2016, continuing hearing on order to show cause because McGrew did not appear with his attorneys as ordered. Dkt. No. 171 at 2; *Id.*, Ex. A (the three documents).

2. <u>Documents from *People v. Mayle, et al.*</u>

Plaintiffs ask the Court to take judicial notice of several filed documents from the case of *People v. Mayle, et al.*, Case No. 08F02622, Sacramento County Superior Court:

- Letter dated October 25, 2012 from Judge Allen Summer to McGrew.
- Minute Order, dated May 7, 2013, titled "Order for Receiver Report."
- Order to Show Cause Re Violation of Court Order (Civ. Proc. Code § 177.5) against McGrew, filed August 7, 2014.
- Minute Order, dated October 29, 2014, titled "Supplemental Report."
- Minute Order, dated November 21, 2014, titled "Hearing on Final Report."
- Order to Show Cause Re Violation of Court Order (Civ. Proc. Code § 177.5) against McGrew, filed Nov. 24, 2014.
- Minute Order, dated December 19, 2014, titled "Hearing on Receivership / Removing McGrew / Appointing Burbank."
- Minute Order, dated February 20, 2015, titled "Status of Receivership."
- Order to Show Cause Re Contempt (Code of Civ. Proc. § 1209(a)); and Violation of Court Order (Civ. Proc. Code § 177.5) against McGrew, filed Feb 24, 2015.
- Statement of Facts Re Contempt (Civ. Proc. Code § 1209(a)); and Violation of Court
- Pg. 12 of Docket: "HRG. DATE FOR 02-27-15 VAC & RESET FOR 04-17-15."
- Minute Order, dated April 17, 2015, titled "Status of Receivership."
- Order on Final Accounting, filed May 29, 2015.

Dkt. No. 171 at 2; *id.*, Ex. B (the documents).

3. <u>Analysis</u>

The Court will take judicial notice of the foregoing documents. They are not untimely under Rule 201(d), which allows judicial notice to be taken at any stage in the proceedings, and furthermore, McGrew has had the opportunity to respond to Plaintiffs' request for judicial notice.

3

While the documents may be of limited relevance to this action, there is still some potential dispute as to the parameters in assessing the scope of McGrew's receivership duties. *See* Order re: Pls.' Mot. to File Fourth Am. Compl., Dkt. No. 220. Moreover, it is proper to take judicial notice of documents in the public record. *Lee*, 250 F.3d at 689. Consequently, in the interest of a complete record, the Court finds these documents shall be judicially noticed.

However, the Court does not take judicial notice of facts in the public record that are "subject to reasonable dispute." *See id.* at 690 ("When a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (quotation omitted)).

**B.      Documents in Dkt. Nos. 174 and 177**

Plaintiffs ask the Court to take judicial notice of two filed documents from the case of *National Home Investors, LLC v. Donald Johnson*, Case No. FCS043578, Solano Superior Court: (1) Order Granting Request for Continuance of Hearing on Dismissal, filed Nov. 30, 2015; and (2) Request for Continuance of Hearing on Dismissal, Declaration of Jessica M. Takano in Support, filed Nov. 25, 2015. Dkt. No. 174 (Req.); Dkt. No. 177 (Jensen Decl. and attached exhibits).

The Court will also take judicial notice of these public record documents. They are not untimely under Rule 201(d) and as discussed above, in the interest of a complete record, the Court finds these documents shall be judicially noticed. Again, the Court does not take judicial notice of the disputed facts incorporated therein.

**C.      Documents in Dkt. Nos. 179-80**

<u>1.      Document from *J. Benjamin McGrew v. Union Bank of California*</u>

Plaintiffs ask the Court to take judicial notice of a document from the case of *J. Benjamin McGrew v. Union Bank of California*, Case No. C053874, Court of Appeals of California, Third Appellate District, Sacramento, April 8, 2008. Dkt. No. 179 (Req.); Dkt. No. 180 (Jensen Decl. ¶ 3). Specifically, Plaintiffs have a print-out from Google Scholar of a California Court of Appeal decision affirming a trial court order awarding McGrew limited receiver fees and attorney's fees. Dkt. No. 180, Ex. A. The Court has also found this document is available at *McGrew v. Union Bank of California, N.A.*, No. C053874, 2008 WL 934061, at *1 (Cal. Ct. App. Apr. 8, 2008).

The Court takes judicial notice of the document. It is not untimely under Rule 201(d), and as discussed above, in the interest of a complete record, the Court finds it shall be judicially noticed for its existence, but not for the disputed facts therein.

2. <u>Documents re: *National Home Investors, LLC v. Donald Johnson*</u>

Plaintiffs ask the Court to take judicial notice of a document from the case of *National Home Investors, LLC v. Donald Johnson*, Case No. FCS043578, Solano Superior Court. Dkt. No. 179 (Req.); Dkt. No. 180 (Jensen Decl. ¶ 4). Specifically, Exhibit B contains (1) an Order discharging McGrew without compensation and dismissing action without prejudice; and (2) a news article from "Fairfield Daily Republic" about the discharge.

First, the Court takes judicial notice of the Order discharging McGrew in the *Johnson* case, as it is filed in the public record. The request is not untimely under Rule 201(d) and as discussed above, in the interest of a complete record, the Court finds it shall be judicially noticed for its existence, but not for the disputed facts therein.

Second, the Court must determine whether to take judicial request of the news article. As one court explained:

> [T]o the extent the court *can* take judicial notice of press releases and news articles, it can do so only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006)); *In re Disciplinary Proceedings of Yana*, No. 2012–SCC–0017–ADA, 2014 WL 309314 (N.M.I. Jan. 28, 2014) ("Newspaper articles generally, and statements during an interview specifically, are not always free of reasonable dispute. Ordinarily, then, we only take 'judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true,"'" quoting *Von Saher*); *United States v. Kane*, No. 2:13–cr–250–JAD–VCF, 2013 WL 5797619, *9 (D. Nev. Oct. 28, 2013) ("When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true" (citations omitted)); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) ("The Court also grants Defendants' request [for judicial notice] as to Exhibits 31 through 47, Yahoo! Press releases, news articles, analyst reports, and third party press releases to which the SAC refers, *but not for the truth of their contents*" (emphasis added)).

*Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). In light of the foregoing, the Court will take judicial notice of the news article but only for the fact that it was in the public realm, not for the truth of the article's contents.

3. <u>Timeline of "Events in the *Spitzer/Mayle* Receivership of McGrew Cases"</u>

Plaintiffs ask the Court take judicial notice of a "Timeline of Recorded Documents and Related Events in the Spitzer/Mayle Receivership of McGrew Cases" prepared by Jensen. Dkt. No. 179 (Req.); Dkt. No. 180 (Jensen Decl. ¶ 5); *id.*, Ex. C (timeline).

The Court will not take judicial notice of this document. While it purports to include the documents and events of the *Spitzer/Mayle* cases, it is essentially a crafted summary with editorializing by its author. It is not the type of document courts generally take judicial notice of as it includes facts that are not generally known within the Court's jurisdiction and which cannot be accurately and readily determined from sources whose accuracy cannot reasonably be disputed.

4. <u>"Documents recorded in Alameda and Sacramento Counties"</u>

Plaintiffs ask the Court take judicial notice of "Documents recorded in Alameda and Sacramento Counties." Dkt. No. 179 (Req.). Specifically, Plaintiffs request the Court take judicial notice of

- Deed of Trust, Alameda County Recorder, recorded on May 28, 2014.
- Abstract of Judgment, Sacramento County Recorder, p. 1172, recorded on August 18, 2014.
- Notice of Default, Sacramento County Recorder, p. 0148, recorded on September 19, 2014.
- Notice of Default, Sacramento County Recorder, p. 0322, recorded on November 26, 2014.
- Notice of Rescission of Notice of Default, Sacramento County Recorder, p. 0698, recorded on February 3, 2015.
- Acknowledgement of Full Satisfaction of Judgment, Sacramento County Recorder, p. 0772, recorded on February 19, 2015.
- Amendment to Deed of Trust, Alameda County Recorder, p. 0772, recorded on April 16, 2015.
- Deed of Trust, Sacramento County Recorder, p. 0386, recorded on May 11, 2015.

- Notice of Rescission of Notice of Default, Sacramento County Recorder, p. 1522, recorded on May 13, 2015.
- Grant Deed, Sacramento County Recorder, p. 0079, recorded on June 23, 2015.
- Notice of Default, Sacramento County Recorder, p. 0154, recorded on July 1, 2015.
- Grant Deed, Sacramento County Recorder, p. 1248, recorded on August 11, 2015.
- Deed of Trust, Sacramento County Recorder, p. 1249, recorded on August 11, 2015.

Dkt. No. 180, Ex. D (documents).

The Court may take judicial notice of these documents as they are filed in the public record. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Lee*, 250 F.3d at 689. While they are only minimally relevant if at all, as discussed above, in the interest of a complete record, the Court finds the documents in Exhibit D shall be judicially noticed.

5. Other Investigative Documents

Finally, Plaintiffs request the Court take judicial notice of (1) photographs and copies of information from websites as part of Jensen's online investigation "of the personal and financial relationship between McGrew and his attorney Robert R. Mirkin"; (2) a copy of an "imessage" sent by McGrew to Jessica Takano, plaintiff's counsel in the *Donald Johnson* case, which Jensen states was filed as part of Takano's Request for Continuance of Hearing on Dismissal in Takano's Declaration, filed Nov. 25, 2015; and (3) a copy of an online article by Ryan McCarthy from the Fairfield Daily Republic newspaper, headlined "Former Parkway Gardens Receiver Cites Medical Procedures as Cause for Gap in Contacts" and dated Dec. 11, 2014. Dkt. No. 180 (Jensen Decl. ¶ 7); *id.*, Ex. E (documents).

Having reviewed the documents in Exhibit E, the Court shall only take judicial notice of the newspaper article for the fact that it was in the public realm, not for the truth of the article's contents. *See Gerritsen*, 112 F. Supp. 3d at 1029. The other documents are not properly subject to judicial notice. The "imessage" is included without Takano's alleged Declaration or anything that indicates it was actually filed as part of a judicial document or in the public record. The other

documents appear to have been cut and pasted from websites and contain other editorial type comments, presumably by Jensen. They are not reliable copies of information contained on any websites. As such, they are not proper subjects of judicial notice under Rule 201.

## CONCLUSION

Based on the analysis above, Plaintiffs' Requests for Judicial Notices are **GRANTED IN PART** and **DENIED IN PART** as described above. No further action of the parties is necessary.

**IT IS SO ORDERED.**

Dated: June 15, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge